RALSTON PURINA CO. ET AL. *v.* LOUISVILLE & NASHVILLE RAILROAD CO. ET AL.

No. 75–1015.   Decided June 14, 1976

PER CURIAM.

This is an appeal from the judgment of a three-judge District Court setting aside and annulling a decision and order of the Interstate Commerce Commission. *Louisville & Nashville R. Co.* v. *United States,* 397 F. Supp. 607 (WD Ky. 1975).

In 1973, the railroads in southern territory, which lies south of the Ohio River and east of the Mississippi, proposed new tariffs changing the method of calculating the through rates on vegetable oil, cake or meal, and related articles, which were subject to transit privileges at various points where animal, fish, and poultry feed using these ingredients was made and transshipped.   Certain

large feed manufacturers protested. The Commission found that the net effect of the new tariffs would be to increase the through rates on the articles involved and that the railroads had "not presented probative evidence in justification" of the new tariffs. Based on the testimony and evidence presented by the protestants, the Commission found "strong support on this record for concluding that these shippers will divert a considerable portion of their feed traffic, from railroad to trucks, with the establishment of the proposed rule." The result, the Commission found, would be "a net loss of revenue to the [railroads] despite the assessment of the higher rates and charges and thus will be self-defeating." The Commission concluded that the railroads had not met their burden of proof that the proposed tariffs were just and reasonable under § 15 of the Interstate Commerce Act, 24 Stat. 384, as amended, 49 U. S. C. § 15 (7), and required that the railroads cancel the schedule. 346 I. C. C. 579, 587–588 (1973).

The District Court set aside and annulled the Commission order for want of substantial evidence to support it. The District Court considered the shippers' evidence mere conjecture and self-serving and could not accept the Commission's conclusion that the railroads would lose revenue from the new tariffs. It also thought it "uncontroverted" that "the railroads have incurred a loss of revenue from the transportation of meal," and therefore "clearly established that if there should be a diversion of meal traffic as predicted by the shippers, the carriers would actually be in a better financial position than at present." 397 F. Supp., at 610.

We reverse the judgment of the District Court. Concededly, there was detailed evidence with respect to the anticipated traffic diversion which the Commission credited and thought strongly supported its conclusion. The District Court exceeded its function in reweighing the

testimony, which is primarily the task of the Commission. *Alton R. Co.* v. *United States,* 315 U. S. 15, 23–24 (1942); *Illinois C. R. Co.* v. *Norfolk & W. R. Co.,* 385 U. S. 57, 69 (1966).   On the record before it, the District Court also erred in differing with the Commission and agreeing with the railroads with respect to the impact of the new tariffs on railroad revenue.   The court relied on evidence which showed only that under the old rates the railroads sustained a loss on *feed* outbound from the transit points and which, as a railroad witness testified, Comm'n Tr. 28–29, did not relate to the net gain or loss on inbound *meal* shipments or on the through movement when both legs were considered together.

*Reversed.*

MR. JUSTICE POWELL took no part in the consideration or decision of this case.