OCCIDENTAL UNDERWRITERS OF HAWAII, LTD., a Hawaii corporation, Plaintiff-Appellee, *v.* AMERICAN SECURITY BANK, a Hawaii corporation, Defendant-Appellee, and PAUWELA JOINT VENTURE, aka PAUWELA CANNERY, an unincorporated business association, and YATES HAWAII, INC., a Hawaii corporation, Defendants-Appellants, and TRAV P. DURO, PHILLIP E. MULLIGAN, JR., and STEPHEN HARADA, associated and transacting business under the common name of said company, Defendants

NO. 9895

(CIVIL NO. 73707)

MARCH 6, 1985

BURNS, C. J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C. J.

Defendants Pauwela Joint Venture (PJV) and Yates Hawaii, Inc. (YHI), appeal the summary judgment which, *inter alia,* dismissed their cross-claim against defendant American Security Bank (ASB) for an award of attorney fees and costs of $9,837.71. We reverse.

They also appeal the denial of their motion for summary judgment on their cross-claim against ASB. We affirm.

The dispositive issue is whether the claim of PJV and YHI against ASB for an award of attorney fees and costs involves any genuine issue of material fact. Our answer is yes. Consequently, neither side is entitled to summary judgment on the cross-claim.

PJV is a joint venture between defendants Trav P. Duro, Phillip Mulligan, Jr., Stephen Harada, and YHI. Under an agreement of sale dated May 1978, PJV purchased the Pauwela Cannery in Pauwela, Maui. ASB was the mortgagee.

Plaintiff Occidental Underwriters of Hawaii, Ltd. (OUHL), insured the cannery with fire and extended coverage protection allegedly at ASB's request. When OUHL did not receive the premium of $13,816.98, it sued ASB, PJV, and PJV's four joint venturers.

ASB filed a cross-claim against the other defendants for indemnity. PJV and YHI filed a cross-claim against ASB alleging that ASB caused OUHL to insure the cannery, that PJV and YHI were not liable for the cost thereof, that ASB was guilty "of a wrongful or negligent act" causing PJV and YHI "compensatory losses" and, therefore, ASB should pay for PJV's and YHI's damages, including attorney fees and costs.

When ASB did not answer their cross-claim, PJV and YHI caused the clerk of the court to enter ASB's default under Rule

55(a), Hawaii Rules of Civil Procedure (HRCP). ASB subsequently moved to set aside the default.

PJV and YHI moved for summary judgment on their cross-claim against ASB. OUHL and ASB moved for dismissal of all claims and cross-claims under Rule 41(a)(2), HRCP, and for summary judgment under Rule 56, HRCP, as to PJV's and YHI's cross-claim on the grounds that OUHL and ASB had settled their dispute. PJV and YHI resisted ASB's attempt to terminate their cross-claim against ASB for attorney fees and costs. Without expressly setting aside the entry of default against ASB, the lower court (1) denied PJV's and YHI's motion for summary judgment and (2) granted OUHL's and ASB's motions for summary judgment and dismissal.

We conclude that the lower court erred thrice.

First, the lower court erred in not expressly deciding ASB's motion to set aside the default against it.

Second, the lower court erred in allowing ASB to contest the fact of its liability before the lower court decided ASB's motion to set aside the entry of default against it. Upon the entry of default, ASB had lost its standing to contest the fact of its liability, *Clifton v. Tomb*, 21 F.2d 893 (4th Cir. 1927), but still had standing to contest the amount of its liability, *World Airlines Inc. v. Hughes*, 449 F.2d 51 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973).

Third, although the lower court correctly decided that YHI and PJV were not entitled to summary judgment, it erred when it held that, as a matter of law, the evidence in the record and the inferences to be drawn therefrom, viewed in the light most favorable to PJV and YHI, *McCarthy v. Yempuku*, 5 Haw. App. 45, 678 P.2d 11 (1954), do not satisfy the *Uyemura v. Wick*, 57 Haw. 102, 551 P.2d 171 (1976), exception to the general rule that each party to litigation must pay his own attorney fees and costs. *Uyemura's* four-prong test for entitlement to an award of reasonable fees and costs as damages is as follows:

1. The party sought to be charged with the fees and costs (respondent) committed a wrongful or negligent act or breach of agreement causing the party seeking the fees and costs (claimant) to be sued by plaintiff.

2. Claimant seeks fees and costs as damages from respondent.

3. The fees and costs relate to the litigation between plaintiff and claimant and not to the litigation between claimant and respondent.[1]

4. The fees and costs are the natural and necessary consequence of the respondent's wrongful or negligent act or breach of agreement mentioned in item 1 above.

5. The fees and costs are reasonable.

Here, there is a genuine issue of material fact whether ASB's failure to pay the insurance premium owed to OUHL was a wrongful or negligent act or breach of agreement vis-a-vis PJV and YHI.

The trial court's denial of PJV's and YHI's motion for summary judgment against ASB is affirmed and its grant of summary judgment in favor of ASB against PJV and YHI is reversed. Upon remand, the trial court should initially rule on ASB's motion to set aside the entry of default against it and then proceed in accordance with this opinion.

*Robert E. Rowland* and *James M. Dombroski* (*Case, Kay & Lynch* of counsel) on the briefs for appellants.

*Arthur B. Reinwald* (*Hoddick, Reinwald, O'Connor & Marrack* of counsel) on the brief for appellee OUHL.

*Cuyler Shaw* (*Ashford & Wriston* of counsel), joinder with appellee OUHL, for appellee ASB.

---

[1] In *Uyemura v. Wick,* 57 Haw. 102, 551 P.2d 171 (1976), the plaintiff initially sued only the respondents but subsequently amended her complaint and added the claimants as defendants. Thus, *Uyemura v. Wick* is similar to this case where in the original complaint the plaintiff named both the claimants and the respondent as defendants.