STATE OF HAWAII, Plaintiff-Appellee, *v.* STEVEN EACHUS SUJOHN, Defendant-Appellant

NO. 9306

(CRIMINAL NO. 53075)

MARCH 27, 1985

BURNS, C. J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C. J.

On April 22, 1979 defendant Steven Eachus Sujohn shot and killed Robin Diemert. After a bench trial, Sujohn was convicted of murder in violation of Hawaii Revised Statutes (HRS) § 707-701 (1976) and sentenced. We affirm.

On appeal, Sujohn contends in the alternative as follows:

1. That he was entitled to an acquittal because the prosecutor failed to prove beyond a reasonable doubt that at the time of the homicide Sujohn did not, as a result of physical or mental disease, disorder, or defect, lack substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law. *See* HRS §§ 704-400(1), 704-402(1), 701-115(2)(a) (1976);[1] or

2. That he should have been convicted of manslaughter, not

---

[1] Under HRS § 704-402(1) (1976), physical or mental disease, disorder, or defect excluding responsibility was a defense. Act 229, 1982 Hawaii Sess. Laws, which

murder, because the prosecutor failed to prove beyond a reasonable doubt that at the time Sujohn caused Diemert's death Sujohn was not under the influence of extreme mental or emotional disturbance for which there is a reasonable explanation. *See* HRS §§ 707-702(2), 701-115(2)(a) (1976).

We hold (1) that the trial judge's finding of guilt[2] is a finding that the prosecutor satisfied his burden of proof on the above two factual issues; (2) that we review the trial court's finding on the above two factual issues under the substantial evidence standard of review; and (3) that the trial judge's finding on the above two factual issues is supported by substantial evidence.

The initial question is, by what standard does an appellate court review the sufficiency of the evidence in support of the trial court's finding of guilt in a jury-waived criminal case?[3]

According to Professor Wright, "[o]n the ultimate finding of guilt, the usual rule is that it must stand if it is supported by substantial evidence. On findings by the court on issues other than the ultimate issue of guilt, there is general agreement that the 'clearly erroneous' test should be applied and that it has the same meaning

---

became effective on January 1, 1982, changed the § 704-402(1) (1976) "defense" into an "affirmative defense." Under HRS § 701-115(2)(b) (1976), it is defendant's burden to prove an "affirmative defense" by a preponderance of the evidence.

[2] The trial judge's findings on the ultimate issue of guilt can be in one of two forms:

1. The trial judge may find guilt without entering special findings of fact. Such a finding is a finding that the prosecution has proved beyond a reasonable doubt every element of the crime charged. *State v. Lima,* 64 Haw. 470, 643 P.2d 536 (1982); or

2. The trial judge may find guilt and make special findings as requested by the parties under Rule 23(c), Hawaii Rules of Penal Procedure (1981).

Here, form 1 was used.

[3] In their respective briefs, the prosecutor and the public defender contend that the standard of review is whether "upon the evidence viewed in a light most favorable to the government . . . a reasonable mind might fairly conclude guilt beyond a reasonable doubt." *State v. Brighter,* 62 Haw. 25, 31, 608 P.2d 855, 859 (1980) (citations omitted). Because it involved a jury's verdict, however, *Brighter* is inapposite. Due primarily to the constitutional right to a jury trial, the jury's verdict is reviewed under the substantial evidence standard of review. Here, we are reviewing a judge's decision in a case where defendant waived his constitutional right to trial by jury.

in criminal cases as it has in civil cases." 2 Wright, Federal Practice and Procedure: *Criminal 2d* § 374 at 315-16 (1982) (footnotes omitted). Hawaii case law is in accord with the rules stated by Professor Wright.[4] *State v. Hernandez*, 61 Haw. 475, 605 P.2d 75 (1980) (judge's finding of guilt reviewed under the substantial evidence test); *State v. Patterson*, 58 Haw. 462, 571 P.2d 745 (1977) (judge's findings regarding the validity of consent to search reviewed under the clearly erroneous test); *State v. Tuua*, 3 Haw. App. 287, 649 P.2d 1180 (1982) (judge's findings regarding the admissibility of eyewitness identification reviewed under the clearly erroneous test).

The "substantial evidence" test is described as follows: Substantial evidence is evidence which is of sufficient quality and probative value to enable a person of reasonable caution to reach a conclusion. *State v. Naeole*, 62 Haw. 563, 617 P.2d 820 (1980).

On appeal, the test to ascertain the legal sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the state, there is substantial evidence to support the conclusion of the trier of fact. * * * It matters not if a conviction under the evidence as so considered might be deemed to be against the weight of the evidence so long as there is substantial evidence tending to support the requisite findings for conviction.

---

[4] Under the "clearly erroneous" test, the trial court's decision may be reversed when, although the substantial evidence test has been satisfied, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made. *United States v. United States Gypsum Co.*, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948). Thus, the appellate court has more authority to reverse a finding under the clearly erroneous test than it has under the substantial evidence test.

We question why findings in civil jury-waived cases and in criminal jury-waived cases on issues other than the ultimate issue of guilt are reviewed under the clearly erroneous test, whereas findings in criminal jury-waived cases on the ultimate issue of guilt are reviewed under the substantial evidence test. The evidentiary burden in civil cases and in criminal cases on issues other than the ultimate issue of guilt is the preponderance burden, *see State v. Patterson*, 58 Haw. 462, 571 P.2d 745 (1977), or, at most, the clear and convincing evidence burden. In criminal cases on the ultimate issue of guilt, it is much more difficult to satisfy the beyond a reasonable doubt burden. Thus, it would seem to follow *a fortiori* that the reviewing court's authority to set aside the trial court's findings should be no less in criminal cases on the ultimate issue of guilt than it is in the other situations.

*State v. Tamura,* 63 Haw. 636, 637, 633 P.2d 1115, 1117 (1981) (citations omitted). The trial court as fact finder is the sole judge of the credibility of witnesses and the weight of the evidence. *State v. Cannon,* 56 Haw. 161, 532 P.2d 391 (1975).

Sujohn contends that the testimony of the prosecutor's two expert witnesses is not of sufficient quality and probative value to enable a person of reasonable caution to find Sujohn guilty, whereas the testimony of Sujohn's two expert witnesses had to create a reasonable doubt. We disagree. The evidence in this case contains substantial evidence supporting the finding of guilt. Consequently, the judgment of conviction must be affirmed.

Affirmed.

*Richard W. Pollack,* Deputy Public Defender (*Mark R. Zenger,* Deputy Public Defender, on the brief) for appellant.

*Pamela Tamashiro,* Deputy Prosecuting Attorney (*Arthur E. Ross,* Deputy Prosecuting Attorney, on the brief) for appellee.