AUINA T. POGIA and LORETTA POGIA, Plaintiffs–Appellees, v. ELENA P. RAMOS, Defendant–Appellant, and JOHN DOES 1–10, JANE DOES 1–10, DOE PARTNERSHIPS 1–10, DOE CORPORATIONS 1–10, and DOE GOVERNMENTAL AGENCIES 1–10, Defendants

NO. 16526

(CIVIL NO. 88–3468–11)

JULY 20, 1994

BURNS, C.J., HEEN, AND ACOBA, JJ.

## OPINION OF THE COURT BY ACOBA, J.

Plaintiffs Auina T. Pogia and Loretta Pogia (hereinafter Plaintiffs) filed a complaint on November 9, 1988 against Defendant Elena P. Ramos (hereinafter Defendant) and "Doe" co–defendants for damages arising out of an automobile collision. Attached to the Complaint was a Summons addressed to the Defendants which stated:

> You are hereby summoned and required to serve upon plaintiff's attorney, whose address is stated above, an answer to the complaint which is attached. This action must be taken within twenty days after service of this summons upon you, exclusive of the day of service.
>
> If you fail to make your answer within the twenty day time limit, judgment by default will be taken against you for the relief demanded in the complaint.

A Return and Acknowledgement of Service signed by Defendant was filed on November 28, 1988, indicating that the sheriff served the Complaint on Defendant at 2024 North King Street in Honolulu, Hawai'i on November 26, 1988.

Defendant did not file an answer.

On August 2, 1989, Plaintiffs filed a Request for Entry of Default of Defendant, stating that "the time within which said Defendant may answer or otherwise move as to the Complaint and Summons has expired; that said Defendant has not answered or otherwise moved and that the time . . . to answer or otherwise move has not been extended[.]" The clerk thereafter filed an entry of default against Defendant on August 2, 1989. On January 22, 1991, Plaintiffs filed a Notice of Proof Hearing for Default Judgment. The Notice was addressed to Defendant at 1604 Kamohoali'i Street, Honolulu, Hawai'i 96819. Plaintiffs obtained the 1604 Kamohoali'i Street address from a police report of the collision. Plaintiffs certified that the Notice was mailed to Defendant.

The hearing was continued and finally held on June 4, 1991.[1] The court entered findings of fact and conclusions of law, awarding damages to Plaintiffs against Defendant. Pursuant to the findings of fact and conclusions of law, default judgment was entered against Defendant on November 7, 1991.

On August 14, 1992, Defendant moved to set aside the Entry of Default and the Default Judgment pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 55(c). Her

---

[1] The amended notice of proof hearing, second amended notice, and third amended notice, were all mailed to 1604 Kamohoali'i Street.

affidavit in support of the motion states that the 1604 Kamohoali'i Street address was her parents' home which was sold in June of 1987, that she was served with the Complaint at 2024 North King Street which was her then current place of employment, that at the time she was served she was "having problems with [her] marriage," that she "did not understand what the legal papers meant," that after she "signed the papers that the sheriff asked [her] to sign, [she] believed that was all [she] had to do," and that "[o]ther than the Complaint [she had] not received any of the other documents filed in this case."

On appeal Defendant contends that the court erred in failing to set aside the Entry of Default and the Default Judgment pursuant to HRCP Rule 55(c). We disagree.

## I.

HRCP Rule 55(c) states that "[f]or good cause shown the court may set aside an entry of default and, if a judgment has been entered, may likewise set it aside in accordance with Rule 60(b)." [2]

"It is well-settled that an application under Rule 55(c), *Hawai'i Rules of Civil Procedure* to set aside the

---

[2] Hawai'i Rules of Civil Procedure (HRCP) Rule 55(c) provides for setting aside an entry of default for good cause shown. If default judgment has been entered, it may be set aside in accordance with HRCP Rule 60(b). As indicated in *BDM, Inc. v. Sageco, Inc.*, 57 Haw. 73, 549 P.2d 1147 (1976), where the issue is whether entry of default or default judgment should be set aside, the same legal test applies to both entries of default and default judgments. *BDM, Inc.*, 57 Haw. at 77, 549 P.2d at 1150. While Defendant styles her brief as an appeal under HRCP Rule 55(c), she attacks both the entry of default and the default judgment. Our decision, therefore, relies on decisions construing both HRCP Rule 55(c) and Rule 60(b), or their federal rule counterparts.

entry of a default is addressed to the sound discretion of the court." *Hupp v. Accessory Distrib.*, 1 Haw. App. 174, 177, 616 P.2d 233, 235 (1980). "The function of an appellate court in an appeal from the trial court's refusal to set aside a default judgment [under HRCP Rule 60(b)] 'is to determine whether the . . . court . . . abused its discretion.'" *Richardson v. Lane*, 6 Haw. App. 614, 622, 736 P.2d 63, 69, *cert. denied*, 484 U.S. 953, 108 S. Ct. 345, 98 L. Ed. 2d 781, *reh'g denied*, 484 U.S. 1037, 108 S. Ct. 764, 48 L. Ed. 2d 781 (1987) (quoting *Textile Banking Co. v. Rentschler*, 657 F.2d 844, 850 (7th Cir. 1981)). "[A] motion for relief from a judgment under Rule 60(b) is addressed to the discretion of the court[.] . . . Appellate review is limited to determining whether the [lower] court abused its discretion." 11 C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE: *Civil 2d* § 2857, at 157–58 (1983) (footnotes omitted). The court's "determination to grant or deny relief normally involves a discretionary appraisal of the facts of the particular case and the relief, if any, to be granted: this matter, then, is largely within the judicial discretion of the trial court. . . . While such discretionary action will not be lightly interfered with by an appellate court, the latter may, however, review for abuse and will reverse when discretion is abused." 7 J. MOORE AND J. LUCAS, MOORE'S FEDERAL PRACTICE ¶ 60.19 at 60–149 to –154 (1993) (footnotes omitted).

The Supreme Court of Hawai'i has stated that "a motion to set aside a default entry or a default judgment may and should be granted whenever the court finds (1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a wilful act." *BDM, Inc. v. Sageco,*

*Inc.*, 57 Haw. 73, 77, 549 P.2d 1147, 1150 (1976). We believe that the third ground is dispositive.

While Defendant claims that she was having "problems with her marriage" at the time that she was served with the Complaint, there is nothing in the record which indicates how such problems prevented her from responding to the Complaint in a timely manner. We have held that a party requesting relief under Hawai'i Family Court Rules Rule 60(b)(1) "must make some showing of why [the party] was justified in failing to avoid mistake or inadvertence." *Joaquin v. Joaquin*, 5 Haw. App. 435, 443, 698 P.2d 298, 304 (1985).[3] Likewise, we hold that in order to establish excusable neglect in a motion to set aside entry of default or default judgment under HRCP Rule 60(b)(1), a defaulted party who failed to answer a complaint must make a showing of why the party was justified in failing to respond to the complaint or to obtain an extension of time to respond. No showing was made here.

Defendant also claimed that she "did not understand what the legal papers meant." But "[i]gnorance of court rules does not constitute excusable neglect . . . ." *Swimmer v. Internal Revenue Service*, 811 F.2d 1343, 1345 (9th Cir. 1987). And "[t]he weight of authority has not recognized ignorance of the law . . . to be excusable neglect justifying the invocation of relief under *HRCP* Rule 60(b)(1)." *Isemoto Contracting Co. v. Andrade*, 1 Haw. App. 202, 205, 616 P.2d 1022, 1025 (1980). Defendant offers no justification for her failure to seek an explanation of "what the . . . papers meant." A similar

---

[3] Hawai'i Family Court Rules Rule 60(b)(1) construed in *Joaquin v. Joaquin*, 5 Haw. App. 435, 698 P.2d 298, is the same as HRCP Rule 60(b)(1).

claim of ignorance was proffered in *Dillingham Inv. Corp. v. Kunio Yokoyama Trust*, 8 Haw. App. 226, 797 P.2d 1316 (1990). The defendants in that case failed to answer the complaint because they determined without professional assistance that the complaint did not involve "their" property. Therefore, they believed they did not need to answer the complaint. This court found that the defendants' failure to answer was "both 'inexcusable neglect' and a 'willful act'." *Dillingham*, 8 Haw. App. at 236, 797 P.2d at 1321.

Finally, Defendant asserted that when she "signed the papers" presented by the sheriff, she believed that was all she "had to do." But the Summons clearly sets forth Defendant's obligation to respond within twenty days or have judgment by default taken against her. Under analogous circumstances, we said "[a] mistake as to the nature and effect of a document caused by a failure to read it is not an excusable mistake." *Joaquin*, 5 Haw. App. at 442, 698 P.2d at 303 (citing *Nawahie v. Peterson*, 24 Haw. 558, 563 (1918)). Also, "lack of legal sophistication . . . cannot form the basis of a claim of excusable neglect . . . for purposes of Rule 60(b)" where the defendant, after receiving notice, failed to appear or answer. *Original Appalachian Artworks v. Yuil Int'l Trading Corp.*, 105 F.R.D. 113, 116 (1985).

Generally, the failure to answer a complaint or to obtain a court order extending the time to answer is inexcusable neglect. *Hupp v. Accessory Distrib.*, 1 Haw. App. 174, 616 P.2d 233 (1980) (failure to answer for nine months between the filing of the complaint and the entry of default was inexcusable neglect even if the defendant's agent thought he obtained the plaintiff's attorney's stipulation to an "open" extension to file the answer). None of

the reasons offered by the Defendant for failing to respond to the Complaint amount to excusable neglect. Therefore, Defendant has failed to show "that the default was not the result of inexcusable neglect . . . ." *BDM, Inc. v. Sageco, Inc.*, 57 Haw. 73, 77, 549 P.2d 1147, 1150 (1976).

## II.

Defendant also contends that the default judgment should have been set aside under HRCP Rule 60(b)(6) because she did not receive notice of the proof hearing and thus was prevented from challenging the amount of Plaintiffs' alleged damages.[4] True, we have held that after entry of default the defaulting party still has standing to contest the amount of damages. *Occidental Underwriters of Hawai[']i v. American Security Bank*, 5 Haw. App. 431, 433, 696 P.2d 852, 854 (1985). But *Occidental* did not involve a defaulting party who failed to appear in the action.

HRCP Rule 5(a) does not require that a defaulted party who has failed to appear in the action receive notice of a proof of damages hearing. That rule provides in pertinent part, that "every pleading subsequent to the original complaint . . . [and] every written motion . . . and every written notice . . . and similar paper shall be served upon each of the parties affected thereby, but no service need be made on parties in default for failure to appear . . . ." HRCP Rule 5(a). Thus, "[a] party in default for failure to

---

[4] Because judgment was entered, Defendant's claim relates not only to HRCP Rule 55(c) but also to HRCP Rule 60(b)(6) which allows the court to set aside the judgment for "any other reason justifying relief" than those set forth in HRCP Rules 60(b)(1) to (5). *Dillingham Inv. Corp. v. Kunio Yokoyama Trust*, 8 Haw. App. 226, 235, 797 P.2d 1316, 1320 (1990) (claim under HRCP Rule 60(b)(6) must be for reasons different than those set forth in HRCP Rules 60(b)(1) to (5)).

appear is not entitled to receive a copy of any paper in the action except a pleading asserting a new or additional claim for relief . . . ." 4A C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE: *Civil 2d* § 1144, at 417 (1987). Defendant did not answer or file any document, and thus did not appear in the action. Accordingly, HRCP Rule 5 did not require service of the Notice of Proof Hearing on Defendant.

HRCP Rule 55(b) is consistent with this approach. HRCP Rule 55(b)(2) provides, "If the party against whom judgment by default is sought has appeared in the action, he [or she] . . . shall be served with written notice of the application for judgment at least 3 days prior to the hearing . . . ." By implication, HRCP Rule 55(b)(2) does not require notice of the application for default judgment to a party in default who has failed to appear in the action. Conversely, the plain language of HRCP Rule 55(b)(2) indicates that the obligation to serve written notice of an application for default judgment attaches where the defaulted party has appeared in the action. Therefore, where a "defendant ha[s] appeared in the action he [or she] ha[s] a right to notice under Rule 55(b)(2) even if in default . . . ." *Stafford v. Dickison*, 46 Haw. 52, 59, 374 P.2d 665, 669 (1962).

In this particular case, Plaintiffs did, on four occasions, serve notice upon Defendant by mail, although not required to do so under the rules.[5]  While there may be

---

[5] HRCP Rule 5(b) provides that "[s]ervice . . . upon a party shall be made by delivering a copy to him [or her] or by mailing it to him [or her] at his [or her] last known address or, if no address is known, by leaving it with the clerk of the court. . . . Service by mail is complete upon mailing."

some dispute with respect to whether Plaintiffs' attempt to serve Defendant was effective or not, Plaintiffs were under no legal duty to make such service. In *Cutting v. Town of Allenstown*, 936 F.2d 18 (1st Cir. 1991), default judgment was entered against the defendant for failing to file an answer. In response to a motion for relief from judgment under Federal Rules of Civil Procedure (Fed. R. Civ. P.) Rule 60(b)(1) and (6), the court indicated that there is no duty on a party or the court to notify defaulted parties who have failed to appear in the action of a hearing on damages or to provide additional notice to them under the rules.

> [U]nder the Federal Rules of Civil Procedure, once the summons was properly served under Rule 4, neither the plaintiff nor the clerk of court had a further duty to notify the defaulted parties. Fed. R. Civ. P. 5(a) specifically negates any requirement of service "on parties in default for failure to appear." . . . While, therefore, it was unfortunate the [defendant] did not receive notice of the further proceedings, including particularly of the hearing on damages, and while, had the court known that notice was not sent, it might have acted on its own to provide additional notice not called for by the rules, the fact remained that the [defendant] received all the notice called for under the governing federal rules.

*Cutting*, at 20–21. Because the HRCP are patterned after the Fed. R. Civ. P., the interpretation of the federal rules by the federal courts is "highly persuasive." *Harada v. Burns*, 50 Haw. 528, 532, 445 P.2d 376, 380 (1968), *cert. denied*, 393 U.S. 1106 (1969). The circumstances being similar here, we do not find that the court

abused its discretion in refusing to set aside the default judgment for any claimed failure of Plaintiffs to notify Defendant of the proof hearings.[6]

## III.

Therefore, we find that the lower court did not abuse its discretion in denying the Motion to Set Aside the Entry of Default Judgment and the Default Judgment.

Affirmed.

*Kevin P. H. Sumida (Daryl M. Arakaki* with him on the brief) for defendant–appellant.

*Richard C. F. Chun* on the brief for plaintiffs–appellees.

### CONCURRING OPINION BY BURNS, C.J.

Upon consideration/reconsideration of the precedent supporting it, I disagree with the second paragraph of section I of the majority opinion.

That paragraph states that the abuse of discretion standard of appellate review applies when reviewing the trial court's decision on a motion to set aside a default entry or a default judgment. In my view, the abuse of

---

[6] The appearance of the defaulted party at a proof hearing may have the salutary effect of aiding the court in making a more informed decision on damages, encouraging compromise or settlement, and reducing the number of motions to set aside default judgment. Mandatory notice, however, would appear to require an amendment to the HRCP.

discretion standard of appellate review is not appropriate in this context because the trial court has no discretion.

Initially, the trial court finds the relevant facts. The standard of appellate review applicable to such findings of fact is the clearly erroneous standard. *State v. Sujohn*, 5 Haw. App. 459, 697 P.2d 1143 (1985).

What facts are relevant? As indicated in the majority opinion, the controlling precedent is as follows:

> In general, a motion to set aside a default entry or a default judgment may and should be granted whenever the court [decides] (1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a wilful act. The mere fact that the nondefaulting party will be required to prove his[/her/its] case without the inhibiting effect of the default upon the defaulting party does not constitute prejudice which should prevent a reopening.

*BDM, Inc. v. Sageco, Inc.*, 57 Haw. 73, 77, 549 P.2d 1147, 1150 (1976) (citations omitted).

Therefore, based on the relevant and valid findings of fact, the trial court decides whether (1) the nondefaulting party will not be prejudiced by the reopening, (2) the defaulting party has a meritorious defense, and (3) the default was not the result of inexcusable neglect or a wilful act.

The answers to questions (1) and (2) are conclusions of law because there is only one right answer to each of them. The standard of appellate review applicable to conclusions of law is the right/wrong standard. Concerning question (3), the answer to the sub-question of inexcusable neglect

is a conclusion of law and the answer to the sub–question of wilful act is a finding of fact.

*BDM, Inc.*'s use of the words "[i]n general" and "may and should" suggests some trial court discretion. However, neither the right/wrong standard of appellate review nor the clearly erroneous standard of appellate review involves discretion. In other words, if the valid answers to questions (1), (2), and (3) are yes, the trial court would reversibly err if it denied the motion. If the answer to question (1), (2), or (3) is no, the trial court would reversibly err if it granted the motion. Therefore, the trial court does not have any discretion.