185 P.3d 880

**BANK OF HAWAI'I, Plaintiff–Appellee,**

v.

**Michael L. SHINN, Defendant–Appellant,**

**and**

**Bays, Deaver, Hiatt, Kawachika & Lezak, a Hawaii partnership, Defendant–Appellee,**

**and**

**Donald T. Eovino; Kahala Ventures, a Hawaii general partnership; First Hawaiian Bank; Donald H. Wilson, as Trustee of the Jerry T. Lynn Charitable Remainder Trust; B & T Enterprises, a California corporation; Richard Wallace and Patricia Davison Wallace, as Trustees of the Muldoon & Associates Money Purchase Plan and Trust; Universal Securities Co., Ltd., a Japan Corporation; Loren H. Cook; Darcy H. Cook; J. Roger Allen; Cathreine G. Allen; John Does 1–50; Jane Does 1–50; Doe Partnerships 1–50; Doe Corporations 1–50; Doe Entities 1–50; and Doe Governmental Units 1–50, Defendants.**

No. 27832.

Intermediate Court of Appeals of Hawai'i.

Feb. 29, 2008.

Gary Victor Dubin, Honolulu, on the briefs, for Defendant–Appellant Michael L. Shinn.

Mark T. Shklov, Michel A. Okazaki, Peter Van Name Esser, Honolulu, on the briefs, for Plaintiff–Appellee Bank of Hawaii.

Harvey J. Lung, (Bays Deaver Lung Rose & Baba), Honolulu, on the briefs, for Defendant–Appellee Bays, Deaver, Hiatt, Kawachika & Lezak.

RECKTENWALD, C.J., FOLEY and NAKAMURA, JJ.

Opinion of the Court by FOLEY, J.

Defendant–Appellant Michael L. Shinn (Shinn) appeals from the "Order Denying Defendant Michael L. Shinn's Rule 60(b) Motion on Statutory and Due Process Grounds (1) to Set Aside this Court's December 18, 2003, 'Order Granting Plaintiff's Motion to Extend Deficiency Judgment Against Defendants Michael L. Shinn and Kahala Ventures Entered on 12/21/93,' and (2) to Expunge this Court's December 21, 1993, 'Plaintiff Bank of Hawaii's Joint and Several Judgment Against Defendants Michael L. Shinn, Donald T. Eovino, and Kahala Ventures,' Recorded at the State of Hawaii Bureau of Conveyances on 12/21/93, as Document No. 93–211815, Filed on January 17, 2006," filed on

March 7, 2006, in the Circuit Court of the First Circuit (circuit court).[1]

On January 17, 2006, Shinn filed "Defendant Michael L. Shinn's Rule 60(b) Motion on Statutory and Due Process Grounds (1) to Set Aside this Court's December 18, 2003, 'Order Granting Plaintiff's Motion to Extend Deficiency Judgment Against Defendants Michael L. Shinn and Kahala Ventures Entered on 12/21/93,' and (2) to Expunge this Court's December 21, 1993, 'Plaintiff Bank of Hawaii's Joint and Several Judgment Against Defendants Michael L. Shinn, Donald T. Eovino, and Kahala Ventures,' Recorded at the State of Hawaii Bureau of Conveyances on 12/21/93, as Document No. 93–211815" (Rule 60(b) Motion), in which Shinn asked the circuit court, pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 60(b)(4), to invalidate its December 18, 2003 order extending a foreclosure deficiency judgment that had been obtained on December 21, 1993 by Plaintiff–Appellee Bank of Hawaii (BOH) against Shinn, Kahala Ventures, and Donald T. Eovino (Eovino).

On appeal, Shinn argues that he "was simultaneously deprived of (1) his State [Hawaii Revised Statutes (HRS) ] Section 657–5 statutory procedural rights, (2) his Article 1 of Section 5 State Constitutional procedural rights, and (3) his Fifth and Fourteenth Amendment Federal Constitutional procedural rights when the [circuit] court without notice to him extended [BOH's] 1993 judgment against him, rendering that extension null and void, as a result of which [Shinn's] Rule 60(b) Motion to set aside that judgment should have been granted."

### I.

On March 22, 1993, BOH filed a complaint for foreclosure against Shinn, Kahala Ventures, and Eovino. Shinn was served with the complaint through a competent adult who was residing at Shinn's Honolulu residence. Shinn failed to answer the complaint or otherwise defend. On May 6, 1993, the circuit court entered default in favor of BOH and against Shinn for failure to defend against the complaint. The circuit court filed a decree of foreclosure on June 23, 1993. On August 30, 1993, BOH moved for confirma-

tion of the sale of the property. On October 5, 1993, the circuit court filed its order approving the commissioner's report, confirming the sale, and directing the distribution of proceeds.

On December 21, 1993, the circuit court entered "Plaintiff Bank of Hawaii's Joint and Several Deficiency Judgment Against Defendants Michael L. Shinn, Donald T. Eovino, and Kahala Ventures" (Judgment), in which the court awarded BOH judgment in the amount of $467,103.17, plus interest calculated from November 24, 1993. The Judgment was recorded on that same date at the State of Hawai'i Bureau of Conveyances as Document No. 93–211815. Shinn never appealed the Judgment.

On February 9, 1994, BOH filed a partial satisfaction of the Judgment after receiving payment of $307.43 from Eovino. On March 18, 1994 and May 24, 1996, BOH received payments of $2,333.47 and $5,554.36, respectively, towards the Judgment. On August 9, 2000, BOH filed a "Release of Deficiency Judgment Entered on December 21, 1993," as to only Eovino because the Judgment had been discharged as to Eovino in a bankruptcy proceeding. The release stated that "[t]he Judgment remains in full force and effect as to Defendants Michael L. Shin [sic] and Kahala Ventures."

On December 10, 2003, eleven days before the ten-year anniversary of the entry of the Judgment, BOH, pursuant to HRS § 657–5 (Supp.2007), filed a "Motion to Extend Deficiency Judgment Against Defendants Michael L. Shinn and Kahala Ventures Entered on 12/21/93" (Motion to Extend Judgment). The circuit court scheduled the motion to be heard on January 6, 2004. The certificate of service attached to the motion did not reflect service on Shinn. On that same date, BOH also filed an ex parte motion to shorten the time to hear the Motion to Extend Judgment, asking the circuit court to hear the motion prior to December 19, 2003; the circuit court denied the ex parte motion. There was no certificate of service attached to the ex parte motion.

---

1. The Honorable Karen N. Blondin presided.

On the next day, December 11, 2003, BOH filed an ex parte motion to advance the hearing on its Motion to Extend Judgment and failed to serve Shinn. The circuit court denied the motion.

On that same date, BOH filed its Submission of Original Declaration of David E. Bowman (Bowman), in which Bowman stated that Shinn had left the State of Hawai'i and BOH had recently located Shinn in Colorado and intended "to domesticate and enforce its Deficiency Judgment against him there."

On December 12, 2003, BOH filed an ex parte motion for reconsideration of the circuit court's denial of its motion to advance the hearing on the Motion to Extend Judgment, again failing to serve Shinn. BOH argued that it had a right, pursuant to HRS § 657–5, to extend the Judgment and Hawai'i case law suggested that the Judgment had to be extended before the ten-year expiration date of December 21, 2003. The circuit court granted this motion and scheduled the hearing for December 18, 2003. The amended notice of hearing did not reflect service on Shinn.

On December 18, 2003, the circuit court filed its "Order Granting Plaintiff's Motion to Extend Deficiency Judgment Against Defendants Michael L. Shinn and Kahala Ventures Entered on 12/21/93, Filed 12/10/03."

On August 29, 2005, Shinn filed a petition for a writ of mandamus in the Hawai'i Supreme Court, and on September 27, 2005, the supreme court denied Shinn's petition without prejudice to Shinn seeking relief in the circuit court.

On January 17, 2006, in the circuit court, Shinn filed his Rule 60(b) Motion, in which he sought relief from the extension of the Judgment on grounds that he had no notice of the proceedings despite BOH's knowledge of his whereabouts. BOH opposed the motion, arguing that it had been trying to locate Shinn

since 1993 in both Colorado and Florida and that in December 2003, the information BOH had was that Shinn was in Colorado, but BOH did not have Shinn's exact whereabouts. The circuit court heard Shinn's motion on February 7, 2006. On March 7, 2006, the circuit court entered its order denying Shinn's Rule 60(b) motion. Shinn timely filed his notice of appeal on March 22, 2006.

## II.

In *Beneficial Hawai'i, Inc. v. Casey*, 98 Hawai'i 159, 45 P.3d 359 (2002), the Hawai'i Supreme Court stated that the "circuit court's disposition of an HRCP Rule 60(b) motion is reviewed for abuse of discretion." *Id.* at 164, 45 P.3d at 364. The court continued:

> The trial court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence. Stated differently, an abuse of discretion occurs where the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant. *Molinar v. Schweizer*, 95 Hawai'i 331, 335, 22 P.3d 978, 982 (2001)[.]

98 Hawai'i at 164, 45 P.3d at 364.

## III.

**A. Because Shinn never appeared in the original proceedings and the circuit court entered default against him, Shinn was not entitled to notice of the extension proceedings.**

■ In this appeal, the principal question we confront is whether a judgment debtor in default is entitled to notice of extension proceedings instituted pursuant to HRS § 657–5.[2] Shinn argues that § 657–5 gave him an "absolute right to notice of the extension

2. HRS § 657–5 (Supp.2007) provides:

§ **657–5 Domestic judgments and decrees.** Unless an extension is granted, every judgment and decree of any court of the State shall be presumed to be paid and discharged at the expiration of ten years after the judgment or decree was rendered. No action shall be commenced after the expiration of ten years from the date a judgment or decree was rendered or extended. No extension of a judgment or de-

cree shall be granted unless the extension is sought within ten years of the date the original judgment or decree was rendered. A court shall not extend any judgment or decree beyond twenty years from the date of the original judgment or decree. No extension shall be granted without notice and the filing of a nonhearing motion or a hearing motion to extend the life of the judgment or decree.

proceedings before the [circuit] court had the power and authority to extend the [J]udgment[.]"

BOH argues that a defaulted party is not entitled to notice of extension proceedings. BOH cites to HRCP Rules 5 and 55 in support of this argument. Rule 5(a) states, in relevant part:

[E]very written motion other than one which may be heard ex parte, and every written notice, appearance, demand, brief or memorandum of law ... and similar paper shall be served upon each of the parties, but *no service need be made on parties in default for failure to appear,* except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.

(Emphasis added.)

HRCP Rule 7(a) indicates that "pleading" is a limited term of art including only a complaint, answer, reply to a counterclaim, answer to a cross-claim, third-party complaint, or third-party answer. "No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer." *Id.* BOH's Motion to Extend Judgment was not a pleading because it asserted no new claims or theories of relief.

HRCP Rule 55(a) provides for the defaulting of parties who fail to plead or otherwise defend ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."). Because the circuit court had entered default against Shinn, BOH was not required to serve Shinn with any papers except for pleadings asserting new or additional claims. HRCP Rule 5(a).

This court, in construing HRCP Rule 5's lack of a service requirement for parties in default, held in *Pogia v. Ramos,* 10 Haw.App. 411, 418–19, 876 P.2d 1342, 1346 (1994), that

a defaulted party who failed to appear in the action was not entitled to notice of a proof of damages hearing.[3] We noted that HRCP Rules 5 and 55 are consistent with respect to parties in default. *Pogia,* 10 Haw.App. at 418–19, 876 P.2d at 1346. HRCP Rule 55(b)(2) requires that notice of an application for judgment must be served against a party in default who has appeared in the action; by implication that rule does not require notice to a party in default who has failed to appear in the action. *Pogia,* 10 Haw.App. at 419, 876 P.2d at 1346.

The Hawai'i Rules of Civil Procedure were promulgated pursuant to Article VI, § 7 of the Hawai'i Constitution ("The supreme court shall have power to promulgate rules and regulations in all civil ... cases for all courts relating to process, practice, procedure and appeals, which shall have the force and effect of law.") and in accordance with HRS § 602–11 (1993) ("The supreme court shall have power to promulgate rules in all civil ... cases ..., which shall have the force and effect of law."). Pursuant to HRCP Rule 1, the civil procedure rules "govern the procedure in the circuit courts of the State in all suits of a civil nature ..., with the exceptions stated in [HRCP] Rule 81." HRS § 657–5 does not fall within the exceptions stated in Rule 81, and thus the HRCP apply to the post-judgment proceedings in this case.

■■■ Although HRS § 657–5 requires "notice" to be given, we construe that requirement *in pari materia* with the provisions of HRCP Rules 5 and 55 that set forth the manner and procedures for providing notice. HRS § 1–16 (1993) ("Laws in pari materia, or upon the same subject matter, shall be construed with reference to each other."). We base this conclusion on the fact that the HRCP's enabling statute (HRS § 602–11) is located in Volume 13, Division 4, Title 32 ("Courts and Court Officers") of HRS, while HRS § 657–5 is located in the same division—specifically, it appears in Volume 13, Division 4, Title 36 ("Civil Remedies and Defenses and Special Proceedings").

---

**3.** In *Pogia,* this court quoted approvingly the general rule from the federal courts that "[a] party in default for failure to appear is not entitled to receive a copy of any paper in the action except a pleading asserting a new or additional

claim for relief[.]" 10 Haw.App. at 418–19, 876 P.2d at 1346 (quoting 4A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 1144, at 417 (1987)).

This conclusion is consistent with the general rule that where we can give effect to both HRCP and a specific statute that overlaps in its application, we shall do so if possible, as "repeal by implication is disfavored." *Chock v. Gov't Employees Ins. Co.*, 103 Hawai'i 263, 269, 81 P.3d 1178, 1184 (2003) (quoting *Richardson v. City & County of Honolulu*, 76 Hawai'i 46, 55, 868 P.2d 1193, 1202 (1994)). We will only favor the specific statute over the general procedural rule in the event of a "plainly irreconcilable conflict." *In re Doe*, 109 Hawai'i 399, 409, 126 P.3d 1086, 1096 (2006) (quoting *Chock*, 103 Hawai'i at 269, 81 P.3d at 1184).

■ In the instant case, we have no difficulty harmonizing the applicable provisions of HRCP Rules 5 and 55 and HRS § 657–5. All observe the principle that service and notice are generally required, but Rules 5 and 55 recognize the well-settled exception to that principle applying to parties who fail to appear and are defaulted. Consequently we hold that the notice requirement contained in HRS § 657–5 does not apply to defaulted parties who have not appeared. Shinn directs us to no authority to the contrary.[4] Shinn had notice of the original proceedings, as the record reflects service of the complaint for foreclosure was made upon him in 1993, and he also had notice by virtue of HRS § 657–5 that such judgments could be extended for ten additional years from their original entry.

**B. Shinn suffered no harm to his constitutional due process rights.**

■ Shinn next argues that the failure to give him notice of the extension proceedings constituted a violation of his constitutional due process guarantees as set forth in the Hawai'i and United States Constitutions.[5] Shinn cites a number of cases without explaining how they relate to the facts of this case. Points not argued may be deemed waived. Hawaii Rules of Appellate Procedure (HRAP) Rule 28(b)(7). Nonetheless, even if considered on its merits, Shinn's argument fails. The gist of Shinn's argument on this point is his claim that "Hawai'i has long been a leader nationwide in the preservation of such procedural due process rights ..., continually reaffirming the due process requirement of notice and a hearing in numerous cases in virtually every conceivable decisional context." Such conclusory assertions, in the absence of anything more substantial, do little to bolster Shinn's claim.

Moreover, Shinn does not sustain his burden of showing that the granting of BOH's Motion to Extend Judgment deprived him of any protected property interest. *See Kernan v. Tanaka*, 75 Haw. 1, 21, 856 P.2d 1207, 1218 (1993) (due process analysis requires analysis of whether the interest sought to be protected is a property interest and, if so, what procedures are required to protect that interest). Shinn does not allege that he lacked notice of the underlying action or judgment and does not identify the specific interest he is seeking to protect; rather, he skips straight to the second step of the analysis and demands particular procedural safeguards. He fails to sustain his burden.

**C. The underlying Judgment is not void.**

Next, Shinn argues that an HRCP Rule 60(b) motion was the appropriate vehicle for seeking the relief he desired in the circuit court. It is not clear whether Shinn is referring to the underlying 1993 Judgment or the circuit court's 2003 extension of that Judgment. Citing to *International Savings & Loan Ass'n v. Carbonel*, 93 Hawai'i 464, 469, 5 P.3d 454, 459 (2000), Shinn argues that "a void judgment ... cannot acquire validity simply because of the passage of time" and it "cannot acquire validity because of laches on the part of a judgment debtor." Shinn is correct in these assertions, but he offers no argument whatsoever as to what this means

---

4. Indeed, we note approvingly the holding of the Supreme Court of Oregon in *Shepard & Morse Lumber Co. v. Clawson*, 259 Or. 154, 486 P.2d 542 (1971), that judgment debtors were not entitled to notice of extension proceedings if they had "adequate notice to give validity to the original judgment" and there was a statute to give notice that such judgments could be extended. *Id.* at 160, 486 P.2d at 544–45.

5. Article I, § 5 of the Hawai'i Constitution provides in relevant part that "[n]o person shall be deprived of life, liberty or property without due process of law[.]" The Fourteenth Amendment to the United States Constitution provides in relevant part that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law[.]"

to this particular case. We note the general rule that "[e]xcept in exceptional circumstances, there is no time limit on an attack on a judgment as void," *Calasa v. Greenwell*, 2 Haw.App. 395, 398, 633 P.2d 553, 555 (1981), and agree with Shinn that an HRCP Rule 60 motion was the appropriate vehicle for seeking relief. However, this conclusion is of little aid to Shinn and does not go to the validity of the underlying Judgment or the circuit court's decision on the motion to extend that Judgment.

### D. Bowman's Declaration.

Shinn next argues that the declaration of BOH Assistant Vice President Bowman, made in support of BOH's Motion to Extend Judgment, should have been stricken because it was hearsay. Shinn fails to specify which portion of the declaration he believes to be objectionable, but several times in his Opening Brief he appears to take issue with paragraph 10 of the declaration, which stated:

> 10. Finally, upon information and belief, [Shinn] had left the State of Hawaii and had evaded collection procedures on [BOH's] Deficiency Judgment against him. [BOH] has recently located [Shinn] in the State of Colorado and intends to domesticate and enforce its Deficiency Judgment against him there.

The statements contained in Bowman's declaration were not offered for their truth (i.e. that Shinn had moved to Colorado), but simply to explain BOH's attempts to locate and collect on its Judgment against Shinn; therefore Bowman's declaration was not inadmissible hearsay. Moreover, even accepting arguendo that the portions of the declaration concerning Shinn's whereabouts were hearsay, any error was harmless because it would not have affected the outcome of the case.

### E. HRS § 636-3 does not operate to terminate the lien.

Shinn argues that even if "proper notice [had] been given and the [J]udgment proper-

ly extended, BOH still would nevertheless have had no right to the extension of its *recorded* money judgment." (Emphasis in original.) Shinn contends that while HRS § 657-5 permits the extension of money judgments, it is another statute—HRS § 636-3—that allows those judgments to become liens. It follows, according to Shinn, that because HRS § 636-3 (until its amendment in 2006) did not permit liens to be extended past ten years from the date of a judgment, an extension obtained pursuant to HRS § 657-5 extends only the Judgment but not the lien.[6]

BOH responds, arguing that the Legislature's amending of HRS § 636-3 in May 2006 to remove the ten-year limitation operates in this case to extend BOH's lien along with the Judgment. We agree with BOH on this point. HRS § 636-3 was amended to provide that the lien continues during the time the underlying judgment, order, or decree is in force.

### IV.

The "Order Denying Defendant Michael L. Shinn's Rule 60(b) Motion on Statutory and Due Process Grounds (1) to Set Aside this Court's December 18, 2003, 'Order Granting Plaintiff's Motion to Extend Deficiency Judgment Against Defendants Michael L. Shinn and Kahala Ventures Entered on 12/21/93,' and (2) to Expunge this Court's December 21, 1993, 'Plaintiff Bank of Hawaii's Joint and Several Judgment Against Defendants Michael L. Shinn, Donald T. Eovino, and Kahala Ventures,' Recorded at the State of Hawaii Bureau of Conveyances on 12/21/93, as Document No. 93–211815, Filed on January 17, 2006," filed on March 7, 2006, in the Circuit Court of the First Circuit is affirmed.

---

6. HRS § 636-3 (Supp.2005) provided, regarding liens established consequent to money judgments, that "[n]o such lien shall continue beyond ten years after the date of the judgment." That language was amended by 2006 Haw. Sess. L. Act 155, § 1 at 155, and now provides that "[n]o such lien shall continue beyond the length of time the underlying judgment, order, or decree is in force."