JOHN RAPP, Plaintiff-Appellee,
v.
THOMAS F. SCHMIDT and LORINNA J. SCHMIDT, Defendants-Appellants.
No. 27883.
Intermediate Court of Appeals of Hawaii.
August 29, 2008.
On the briefs: Gary Victor Dubin, (Dubin Law Offices) for Defendants-Appellants.
Jerry A. Ruthruff, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, FUJISE and LEONARD, JJ.
Defendants/Counterclaimants/Appellants Thomas F. Schmidt and Lorrina J. Schmidt (the Schmidts) appeal from the March 13, 2006 Order, filed in the Circuit Court of the First Circuit (Circuit Court)[1] The Circuit Court entered this appealable order in favor of Turlington Corporation (Turlington), extending two earlier judgments entered against the Schmidts, for another ten years, pursuant to Hawaii Revised Statutes (HRS) 657-5 (Supp. 2005).[2]
On appeal, the Schmidts argue: (1) they were denied notice of the hearing on the motion to extend judgments; (2) the Circuit Court abused its discretion in denying their request for a continuance to show that the judgments had been satisfied; and (3) they were denied due process in violation of the Hawaii and United States constitutions.
After a careful review of the record and the arguments and supporting authorities presented by the parties, we resolve the Schmidts' points of error as follows:
(1) Although we agree, generally, that HRS § 657-5 requires "notice," we reject the Schmidts' argument that notice was inadequate in this case.
First, the record in this case shows that the Schmidts appeared, through counsel Gary Victor Dubin, at the September 27, 2005 hearing on the motion to extend judgment, and did not make any objections regarding notice or service at that time. Thus, objections regarding notice are deemed waived. See, e.g., In re Guardianship of Carlsmith, 113 Hawaii 211, 225, 151 P.3d 692, 706 (2006) (concluding that "any objections by Respondents as to the lack of notice [were] deemed waived by Edith's appearance, her failure to object to the purported defect of notice or summons, and insistence upon proceeding with an evidentiary hearing").
The Schmidts' claim that notice was denied to them because "service . . . of Turlington's Motion was attempted by serving the Schmidts' past counsel of record, who had not appeared for them in the case below for many years, and not them personally, which understandably is universally considered to be ineffective service given such an extended period of postjudgment closed-case inactivity" is equally without merit. Attorney Thomas P. Dunn (Dunn) was substituted in for the Schmidts' prior counsel on December 29, 2000, years after the initial judgments were entered. Dunn, who was served with the motion to extend judgments, never withdrew as counsel of record. Indeed, Dunn was previously served, without objection, with postjudgment filings in 2001 and 2003. Absent withdrawal or termination of the Schmidts' counsel of record, the Schmidts may not claim they had inadequate notice of the hearing because service was made on their attorney of record. See, e.g., Stoner v. Thompson, 578 S.W.2d 679, 684 (Tex. 1979) (holding pro se party was charged with notice of all pleadings served on him, or on his attorney prior to withdrawal).
The Schmidts also contend, without explanation, that adequate notice of the Circuit Court's hearing on Turlington's motion was denied because the Circuit Court ignored "the mandatory eighteen-day notice of hearing requirement contained within Rule 7(a) of the Rules of the Circuit Courts[.]"[3] Here, the record shows Turlington's motion was filed and served on August 26, 2005  approximately one month before the September 27, 2005 hearing. Therefore, the Schmidts' contention lacks merit.
(2) We also reject the Schmidts' argument that the Circuit Court abused its discretion in denying a continuance of the September 27, 2005 hearing to allow them to produce evidence that the judgments had been satisfied.
Whether a continuance is granted or denied "is a matter that is addressed to the sound discretion of the trial court and is not subject to reversal on appeal absent a showing of abuse." Kam Fui Trust v. Brandhorst, 77 Hawaii 320, 324, 884 P.2d 383, 387 (App. 1994) (citing Sanders v. Point After, Inc., 2 Haw. App. 65, 70, 626 P.2d 193, 197 (1981)). "Generally, to constitute an abuse it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." Id. (citing Sapp v. Wong, 62 Haw. 34, 41, 609 P.2d 137, 142 (1980)).
The Circuit Court correctly noted that the issue of alleged satisfaction of the judgments could be dealt with in a separate hearing, as necessary, and recognized the potential prejudice to Turlington if the judgments were not timely renewed as required under HRS § 657-5. The Circuit Court did not exceed the bounds of reason in denying the Schmidts' requested continuance at the September 27, 2005 hearing.
(3) The Schmidts also argue that the failure to provide them with notice of the extension proceedings and the Circuit Court's denial of their requested continuance constituted a violation of their constitutional due process guarantees as set forth in the Hawaii and United States Constitutions.[4] The Schmidts cite a number of cases without explaining how they relate to the facts of this case and make the conclusory assertion that "Hawai`i has long been a leader nationwide in the preservation of such procedural due process rights . . continually reaffirming the due process requirement of notice and a hearing in numerous cases in virtually every conceivable decisional context." Moreover, the Schmidts fail to show that the granting of Turlington's motion deprived them of any protected property interest. See, e.g., Bank of Hawaii v. Shinn, 118 Hawai`i 132, 137, 185 P.3d 880, 885 (App. 2008); Kernan v. Tanaka, 75 Haw. 1, 21, 856 P.2d 1207, 1218 (1993); Sandy Beach Def. Fund v. City Council, 70 Haw. 361, 378, 773 P.2d 250, 261 (1989). The Schmidts have failed to show that their due process rights were violated in this case.
For these reasons, we affirm the Circuit Court's March 13, 2006 Order.
NOTES
[1] The Honorable Randal K.O. Lee presided.
[2] HRS § 657-5 (Supp. 2005) provides:

§ 657-5 Domestic judgments and decrees. Unless an extension is granted, every judgment and decree of any court of the State shall be presumed to be paid and discharged at the expiration of ten years after the judgment or decree was rendered. No action shall be commenced after the expiration of ten years from the date a judgment or decree was rendered or extended. No extension of a judgment or decree shall be granted unless the extension is sought within ten years of the date the original judgment or decree was rendered. A court shall not extend any judgment or decree beyond twenty years from the date of the original judgment or decree. No extension shall be granted without notice and the filing of a non-hearing motion or a hearing motion to extend the life of the judgment or decree.
[3] Rules of the Circuit Court of the State of Hawai`i (RCCH) Rule 7(a) states, in relevant part, that motions "shall be filed and served on all parties not less than 18 days before the date set for the hearing.
[4] Article I, § 5 of the Hawai`i Constitution provides in relevant part that "[n]o person shall be deprived of life, liberty or property without due process of law[.]"

The Fourteenth Amendment to the United States Constitution provides in relevant part that "[n]o State shall . . deprive any person of life, liberty, or property, without due process of law[.]"