**PERKS et ux. v. WEST.**
Civil Action No. 6744.

United States District Court
W. D. Pennsylvania.
May 17, 1949.

Sebastian C. Pugliese, Pittsburgh, for plaintiffs.

No attorney appeared for the defendant.

GOURLEY, District Judge.

This is an action of trespass brought by Max J. Perks and Irene Perks, his wife, plaintiffs, against William W. West, doing business as West Local & Long Distance Hauling, defendant.

Jurisdiction of the Court arises by virtue of the diversity of citizenship between the parties. No appearance has been entered by the defendant nor has the defendant appeared personally in his own behalf. No demand has been made for jury trial by either of the plaintiffs. The question now before the Court relates to the application of the plaintiffs for the entry of judgment by default filed under provisions of Rule 55(b) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A..

Rule 55(b) (2) provides, inter alia, where a party against whom judgment by default is sought has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, the party entitled to judgment by default shall apply to the court therefor. If, in order to enable the court to enter judgment, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of the matter, the court may conduct such hearing as it deems necessary and proper.

Rule 8(d) of the Federal Rules of Civil Procedure provides, inter alia, that averments in a pleading to which a responsive pleading is required, other than those as to amount of damages, are admitted when not denied in the responsive pleading.

Service of the summons and complaint together with notice of the hearing on application for the determination of damages and entry of default judgment has been duly given in accordance with law and the Federal Rules of Civil Procedure.

After full and complete hearing, the Court makes the following findings of fact and conclusions of law:

## Findings of Fact.

1. The plaintiffs, Max J. Perks and Irene Perks, are husband and wife and reside at 313 Coal Street, Osceola Mills, Clearfield County, Pennsylvania.

2. The defendant, William W. West, is a resident of 924 West Franklin Street, Baltimore, Maryland, and for the period of time covered by these pleadings was in the business of intra and inter-state hauling, doing business as the West Local & Long Distance Hauling of Baltimore, Maryland.

3. That on November 1, 1946, the defendant, William W. West, did own and possess a diamond T. K. Truck and on said date the said truck was driven by and was in possession and control of the defendant, William W. West.

4. On or about November 1, 1946, at about 2:00 o'clock A.M., defendant stopped said truck and parked the same in Chester Hill Borough on the main highway Route No. 53 between Phillipsburg and Osceola Mills, Pennsylvania. Said truck was parked heading west on the northern side of said highway, which highway at that point runs in a generally easterly and westerly direction and said truck was so stopped and parked with all four wheels on said highway.

5. On or about November 1, 1946, at about 2:00 o'clock A.M., the plaintiff, Max J. Perks, was the owner of a Ford pickup truck and at such time was lawfully operating said Ford truck with the plaintiff Irene Perks as a lawful guest, in a generally westerly direction, through the Borough of Chester Hill on main highway Route No. 53 toward Osceola Mills.

6. That at approximately 2:00 A.M., on such date the truck of plaintiff Max J. Perks, without fault on the part of said plaintiff, collided with the rear of defendant's illegally parked truck, said collision being the proximate result of defendant's negligence.

7. The said negligence and carelessness of the defendant acting as aforesaid, consisted of the following:

(a) In illegally parking his truck on a main highway at night time;

(b) In failing to have his truck properly and safely illuminated so as to warn others that he was parked on the highway;

(c) In failing to have his end-gate up so that reflectors would warn plaintiff that he, the defendant, was parked on the highway;

(d) In failing to keep a careful and diligent watch on the highway to warn others that his truck was obstructing the highway;

(e) In failing to comply with the Pennsylvania Motor Vehicle Code which requires flares to be placed on front, side and rear of parked vehicles;

(f) In failing to comply with the restriction of the Pennsylvania Statutes forbidding parking on highways;

(g) In other ways negligently failing to regard the right and safety of plaintiffs.

8. The plaintiff Max J. Perks sustained bruises and lacerations to his left side in the region of the ribs but did not require hospitalization although medical attention was necessary.

9. The damages sustained individually by the plaintiff Max J. Perks as a result of said accident are:

| | |
|---|---|
| Doctor bill | $ 20.00 |
| Loss of wages | 250.00 |
| Damages to motor vehicle | 210.00 |

10. The damages sustained by Max J. Perks on behalf of his wife, Irene Perks, for hospitalization, medical attention, nursing and personal effects of his said wife are as follows:

| | |
|---|---|
| Hospital bill | $ 87.75 |
| Dotor bill | 90.00 |
| Nursing | 150.00 |
| Personal effects of wife | 62.50 |

11. The plaintiff Irene Perks is now thirty-two years of age, and is the mother of one child sixteen years of age.

12. The plaintiff Irene Perks was in an unconscious condition immediately subsequent to the accident, and her first recollection was when she regained consciousness in the hospital. Irene Perks received severe lacerations of the forehead, laceration of the nose, and small lacerations and contu-

sions of the lower leg. She experienced severe pain in her head and back of the neck, and sustained a fracture of the medial wall of the left maxillary sinus, and a fracture of the left temporal bone with minimal depression.

13. At the present time, which is approximately two and one-half years after the accident, Irene Perks experiences pain on the top of her head, numbness over the forehead and pain in the back of the neck, occasional headaches, dizziness and faintness on moving or arising from a given position, and she is unable to wrinkle her forehead which is due to an injury to one of the cranial nerves.

14. Irene Perks is limited in her activities in and about the home and the condition which she now experiences may continue for the balance of her natural life.

### Conclusions of Law.

1. Jurisdiction of the court exists by virtue of the diversity of citizenship between the parties, and the matter in controversy exclusive of interest and costs exceeds the sum of $3,000, and the court has jurisdiction of the parties and such matter.

2. The defendant, William W. West, trading and doing business as West Local & Long Distance Hauling, was negligent, which negligence was the proximate cause of the accident.

3. The injuries and damages sustained by Max J. Perks and Irene Perks were the proximate result of the negligence of the defendant.

4. The plaintiffs, Max J. Perks and Irene Perks, are entitled to recover damages from the defendant.

5. The plaintiff Max J. Perks is entitled to recover damages against the defendant William W. West, trading and doing business as West Local & Long Distance Hauling, in the amount of Fifteen Hundred Dollars ($1500).

6. The plaintiff Irene Parks is entitled to recover damages against the defendant, William W. West, trading and doing business as West Local & Long Distance Hauling, in the amount of Seventy-five Hundred Dollars ($7500).