**CONSOLIDATED MASONRY & FIRE-PROOFING, INC., Plaintiff,**

v.

**WAGMAN CONSTRUCTION CORPORATION, Defendant.**

**Civ. A. No. 3399.**

United States District Court
E. D. Virginia,
at Alexandria.

Aug. 16, 1966.

Friedlander & Friedlander, Arlington, Va., for plaintiff.

Shadyac, Berg & Nolan, Arlington, Va., for defendant.

## MEMORANDUM OPINION

OREN R. LEWIS, District Judge.

This suit was instituted by the plaintiff to recover damages for an alleged breach of contract and for compensatory and punitive damages for libelous and slanderous statements made in connection therewith. The defendant suffered a default.

---

The court refused to set aside the default and heard the matter on the merits without the aid of a jury. At the conclusion of the hearing the Court took under consideration the question of whether the plaintiff was entitled to recover compensatory and punitive damages on its count of libel and slander, and referred to a Special Master, for the taking of evidence and reporting his findings thereon, the following items:

(1) The percentage of the work completed by the plaintiff under its subcontract with the defendant, together with the reasonable value of the materials furnished and work performed under said subcontract.

(2) The reasonable value of the extra materials furnished and extra work performed.

(3) The reasonable cost of furnishing the material and labor necessary for finishing the work called for in the said subcontract.

(4) The reasonable value of the material and equipment used by the general contractor which were left on the site by the subcontractor.

Both the plaintiff and defendant excepted to the Master's report. Upon hearing, the objections of the defendant to the report were overruled, and the plaintiff's objections to the report were held for further consideration by the Court after receipt of the transcript of the evidence taken before the Special Master and receipt of a further memorandum from each of the parties.

The Court, having examined the transcript and considered the authorities cited by counsel in their respective memoranda, is of the opinion that the Special Master's findings are fully supported by the record. They are herewith approved[1] and adopted as the findings of the Court.

The Master, on page eleven of his report, in discussing extra materials and work, lists items 4, 7 and 11. Item 11 is a typographical error—it should read

Item 15. The report of the Master is herewith amended to so reflect.

The burden is on the plaintiff to prove his claim by a preponderance of the evidence in all cases, including default. Much of this plaintiff's claim was for extras and delay occasioned by the failure of the contractor to have the job site ready. Other portions of the plaintiff's claim were supported by estimates—not vouchers, actual time records, and so forth.

The Master's findings indicate that the plaintiff suffered damages in the amount of $8,881.72. This sum is not only not clearly erroneous but it is amply supported by the record.

The Master further found the plaintiff was entitled to receive $1,559.86 for extra work performed, not called for in the contract. This conclusion is amply supported by the record.

Judgment will be awarded to the plaintiff for the respective amounts, together with costs and interest from the date of the breach.

The Court finds that the plaintiff has failed to prove its claim for both compensatory and punitive damages for libel and slander, and its claim for that item is denied.

The costs of the suit, including the Master's fee in the amount of $800.00, is hereby taxed against the defendant.

The cost of the transcript of the hearing before the Master is taxed as a cost to be paid by the plaintiff. Unless the plaintiff pays the cost taxed against it within ten days from the date hereof, the cost of the transcript of the record before the Master shall be paid by the defendant and deducted by it from the judgment awarded the plaintiff.

Counsel for the plaintiff shall prepare the appropriate judgment order, submit the same to counsel for the defendant for approval as to form and present the same to the Court for entry.

---

1. In non-jury actions the Court shall accept the Master's findings of fact unless clearly erroneous. Rule 53, Federal Rules of Civil Procedure.