KEITH HUPP, Plaintiff-Appellee, *v.* ACCESSORY DISTRIBUTORS, INC., Defendant-Appellant, and CHARLES HASSARD, ARAI HIROTAKE SHOTEN COMPANY, LTD., and JOHN DOES I-X, JOHN DOE PARTNERSHIPS I-X, and JOHN DOE CORPORATIONS I-X, Defendants

NO. 6324

and

KEITH HUPP, Plaintiff-Appellant, *v.* ACCESSORY DISTRIBUTORS, INC., Defendant-Appellee, and CHARLES HASSARD, ARAI HIROTAKE SHOTEN COMPANY, LTD., and JOHN DOES I-X, JOHN DOE PARTNERSHIPS I-X, and JOHN DOE CORPORATIONS I-X, Defendants

NO. 6325

SEPTEMBER 4, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

In these cases, Defendant Accessory Distributors, Inc. appeals from the refusal of the court below to set aside a default entered against it and Plaintiff Keith Hupp appeals from the refusal of the court below to enter a default judgment on the issue of liability in his favor. The issues presented are:

(1) Whether the court below abused its discretion in refusing to set aside the default. We hold that it did not.

(2) Whether the court below had the power in its discretion to require proof by the plaintiff on the issue of liability where a default had been entered. We hold that the court below had such power.

(3) What standard of proof should be required on a liability hearing for a default judgment. We hold that the party seeking judgment need only adduce evidence equivalent to that which would withstand a directed verdict at trial. In other words, a *prima facie* case is all that is required.

(4) Whether the court below was correct in ruling at the liability hearing after the issuance of a default judgment, that the plaintiff failed to establish a *prima facie* case. We hold that the court below erred.

The accident involved in this case occurred on March 20, 1973 on Waiakamilo Road in the city of Honolulu. The plaintiff-appellant was operating a motorcycle and wearing a helmet allegedly manufactured by Arai Hirotake Shoten Company, Ltd. of Japan and distributed by Accessory Distributors, Inc., a corporation whose principal office was in New Jersey. He collided with an automobile driven by one Charles Hassard. The testimony indicated that the chinstrap on the helmet was fastened but after the collision, as the plaintiff-appellant was hurled through the air, the helmet flew

off and he landed on his unprotected head causing serious injuries. The police officer who picked up the helmet after the accident testified that the chinstrap was still fastened.

On May 17, 1973, plaintiff-appellant filed suit against Hassard, Arai Hirotake Shoten Company, Ltd., the alleged manufacturer, Accessory Distributors, Inc., the alleged distributor and various John Does. Hassard has since been dismissed from the action and Arai Hirotake Shoten Company, Ltd. was defaulted. The issues before us concern Plaintiff-Appellant Hupp and Defendant-Appellee Accessory Distributors, Inc. Service against Accessory was effected by service on the Department of Regulatory Agencies and by mailing a copy of the complaint by registered mail to Accessory in New Jersey. According to the affidavit of attorney Richard E. Stifel on file herein, a copy of the complaint was received by Accessory on June 13, 1973 which is the date of the return receipt for registered mail in the record. The facts as to what happened with respect to Accessory between the time of service upon it and the entry of the default must be taken from the affidavits filed in support of and in opposition to the motion to set aside the default.

Apparently, upon receipt of the complaint, Accessory forwarded it to its attorney in New York City who in turn forwarded it to Allstate Insurance Company. By July 20, 1973, one Thomas M. Bowman of Allstate's Honolulu office contacted Hupp's attorney, David L. Turk, and asked for an extension of time to answer. There is a dispute between Mr. Bowman and Mr. Turk as to whether or not Mr. Turk agreed to an "open" extension of time to answer with Mr. Bowman asserting that he did and Mr. Turk denying the same. A dispute arose between Allstate on the one hand and Accessory's New York attorney on the other as to whether Allstate covered the accident in question. By October 31, 1973, Allstate had made clear to Accessory that it denied coverage. Nothing happened thereafter until March 4, 1974 when Mr. Turk sent Mr. Bowman a letter advising that he would take default on March 8th if an answer was not filed by that date. On March 13th, the application for default was delivered to the Circuit Court and later on the same day, a Donald Mosley

of Underwriters Adjusting in Honolulu contacted Mr. Turk asking that no default be taken. Mr. Turk's answer was equivocal. The application for default and the default itself were actually filed March 18, 1974.

On March 22nd, a motion to set aside the default with accompanying affidavit by Richard E. Stifel, an attorney, was filed. The motion to set aside was opposed and affidavits of Mr. Turk and others were filed, as well as a supplemental memorandum in support of the motion accompanied by numerous additional affidavits and exhibits. On May 29, 1974, a hearing was held on the motion. The court denied the motion without giving reasons therefor and on June 6, 1974, the order denying the motion to set aside the default was entered.

In 1976, the matter of the entry of a default judgment against Accessory came on for hearing before a different circuit judge. That judge indicated that he would require Hupp to make a *prima facie* showing of liability. After memoranda were filed and evidence was adduced, the judge on June 1, 1976, entered an order denying a default judgment on the ground that he had not established a *prima facie* case. Hupp applied for and was allowed to take an interlocutory appeal from that order. Accessory thereupon appealed from the denial of the motion to set aside the entry of default.

### THE REFUSAL OF THE MOTION TO SET ASIDE THE ENTRY OF DEFAULT

It is well-settled that an application under Rule 55(c), *Hawaii Rules of Civil Procedure* to set aside the entry of a default is addressed to the sound discretion of the court. 10 Wright & Miller, *Federal Practice and Procedure*, § 2693 and cases there cited.

Our Supreme Court has said:

In general, a motion to set aside a default entry or a default judgment may and should be granted whenever the court finds (1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party

has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a wilful act.

*BDM, Inc. v. Sageco, Inc.,* 57 Haw. 73, 77, 549 P.2d 1147, 1150 (1976). Our question then is whether it can be said that the court below abused its discretion in refusing to set aside the default on the record in this case. Although the court below made no findings of fact, it is apparent from the transcript of the hearing that the judge was concerned with the long delay on the part of Accessory in coming into court. Thus, he said at the May 29, 1974 hearing:

THE COURT: It seems that it should come in much earlier. They were fighting among themselves apparently.

Under Rule 12, *Hawaii Rules of Civil Procedure,* a defendant has twenty days from service to answer a complaint. Rule 6(b), *Hawaii Rules of Civil Procedure,* provides:

When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; . . .

As was noted in 4 Wright & Miller, *Federal Practice and Procedure,* § 1165 at 627:

Except for the time for serving affidavits in support of a motion for a new trial pursuant to Rule 59(c), a stipulation by the parties for an extension of time is ineffective if it is not also embodied in an order of the court. In this manner the court, which is responsible for the condition of its docket and for the speed with which it administers justice, is able to exercise full control over extensions or enlargements of time, and thereby insure a proper flow of judicial business.

Accessory was responsible for either filing its answer on time or getting an appropriate order of the court extending the

time to answer. It received the complaint and turned it over to its attorney who, in turn, turned it over to Allstate. Allstate made no attempt throughout the nine-month period which ensued until the entry of the default to obtain an extension of time from the court. The only excuse offered for not going to the court and getting an extension of time while the question of coverage was argued out, was that it believed it had a "open" extension of time from Hupp's attorneys. We doubt very seriously that had anyone applied to the court below for approval of a "open" extension of time to answer that such would have been given, but no one applied and no excuse for not applying is offered. This was a case of inexcusable neglect and accordingly, we find no abuse of discretion on the part of the judge below in refusing to set aside the default. His order, in that respect, is therefore affirmed.

### THE POWER TO REQUIRE PROOF OF LIABILITY
### PRIOR TO ENTERING A DEFAULT JUDGMENT

The next issue raised is whether the judge below upon the motion to enter a default judgment, in his discretion could require proof of liability. Rule 55(b)(2), *Hawaii Rules of Civil Procedure*, provides:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper. . . .

Generally, this language has been interpreted to give the trial court discretion as to whether or not to require evidence before entering a judgment by default. 10 Wright & Miller, *Federal Practice and Procedure*, § 2685. There is a paucity of cases involving the specific point at issue here, to-wit: whether the trial court in its discretion may order proof of liability before entering a default judgment after a default. *See Perks v. West*, 84 F.Supp. 203 (W.D. Pa. 1949) and compare

*Walter v. Arizona Title Co.*, 433 P.2d 998, 6 Ariz. App. 506 (1968) and *Consolidated Masonry & Fireproofing, Inc. v. Wagman*, 273 F.Supp. 693 (E. D. Vir. 1966).

It seems to us that where, as in Hawaii, the rules provide for "notice" pleadings so that evidentiary particulars in support of a claim are not required to be pleaded, the trial courts must be given leeway in their discretion to require proof of liability in the support of a default judgment.

### THE QUESTION OF PROOF ON A LIABILITY HEARING PRIOR TO ENTRY OF A DEFAULT JUDGMENT

The next question is what standard of proof must a plaintiff meet in such a situation. The parties here concede and we agree that if the plaintiff at the hearing adduces evidence which would be sufficient at trial to overcome a motion for directed verdict, the standard has been met. This is apparently what the court below meant by the term *prima facie* case.

### WHETHER HUPP MET THE STANDARD

We therefore examine the evidence adduced to see whether or not it was sufficient under the standard set forth. The testimony indicated that Hupp was wearing the helmet and had it fastened under his chin, that the accident occurred, that during his trajectory from the point of impact to where he landed, the helmet flew off, and that he landed on his head and sustained serious injuries thereby. The police officer who picked up the helmet after the accident found the chinstrap to be still fastened. An examination of the helmet does not show any undue wear. There is a label inside the helmet which states:

*WARNING* — SOME REASONABLY FORESEEABLE ACCIDENTS MAY EXCEED THIS HELMET'S CAPABILITY TO PROTECT AGAINST SEVERE INJURY.

The test is whether a reasonable juror hearing this evidence could bring in a verdict in favor of Hupp on the question of the alleged defective design. In the light of *Stewart v.*

*Budget Rent-A-Car*, 52 Haw. 71, 470 P.2d 240 (1970), we think a reasonable juror could do so. Helmets, at the time in question, were required for motorcycle riders by State statute. Obviously, their function is to protect the head in case of an accident and equally obviously, they will not do so if they come off in the course of an accident while properly fastened.

It may be that Accessory could have adduced expert testimony that it is impossible to design a helmet which would not come off under the circumstances which existed in this case or other expert testimony showing proper design. However, because Accessory defaulted, such evidence could not be produced. We do not think that Hupp, in order to get to a jury, needed to adduce expert testimony and accordingly, we reverse the order denying a default judgment and remand for further proceedings consistent with this opinion.

*David C. Schutter (Francis T. O'Brien* and *Steven H. Levinson* on the briefs; *Schutter, Levinson & O'Brien* of counsel) for Keith Hupp.

*Richard E. Stifel (George W. Ashford, Jr.,* with him on the briefs; *Goodsill Anderson & Quinn* of counsel) for Accessory Distributors, Inc.