**Electronically Filed
Supreme Court
SCWC-14-0000916
23-JAN-2018
08:03 AM**

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---o0o---

FLORENCIO E. DELA CRUZ, ANASTACIA A. DELA CRUZ, and
JENNIFER M. RESPECIO, Petitioners/Plaintiffs-Appellants,

vs.

IRENE B. QUEMADO, MARVIN QUEMADO, JR., and BRYAN T. HIGA,
Respondents/Defendants-Appellees.

SCWC-14-0000916

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-14-0000916; CIV. NO. 08-1-1089)

JANUARY 23, 2018

RECKTENWALD, C.J., NAKAYAMA, McKENNA, POLLACK, AND WILSON, JJ.

OPINION OF THE COURT BY RECKTENWALD, C.J.

## I.  Introduction

While this case concerns civil claims arising from an armed robbery, our decision focuses on the circuit court's entry of default and subsequent decisions regarding the default.

On the afternoon of June 1, 2006, jewelry business owners Florencio Dela Cruz and Anastacia Dela Cruz ("the Dela Cruzes") were robbed at gunpoint by Marvin Quemado, Jr. ("Marvin"), and Bryan Higa ("Higa"). Marvin and Higa were indicted in federal court and pled guilty to conspiracy to commit robbery, robbery, and using and carrying a firearm during and in relation to the robbery.

In May 2008, the Dela Cruzes and their daughter, Jennifer Respecio (together, "Petitioners"), filed a civil suit against Irene Quemado ("Irene"), Marvin's mother, alleging that Irene was negligent because she invited the Dela Cruzes to her home and exposed her son Marvin to the Dela Cruzes' valuable jewelry.[1] Petitioners contended that Irene's actions unreasonably increased the risk that Marvin would rob the Dela Cruzes. Petitioners argued that, based on Marvin's history of drug abuse and felony convictions for possession and promotion of drugs, Marvin's actions were foreseeable, and thus, Irene had a duty to control Marvin's conduct to prevent "foreseeable harm."

Irene answered, and the case proceeded in litigation for a number of years. However, after Irene and her attorney failed to appear at a scheduled settlement conference in February

---

[1] Although Petitioners also brought claims against Marvin and Higa, only issues related to the negligence claim against Irene are before this court.

2013, the Circuit Court of the First Circuit entered default against Irene.[2]  Irene moved for reconsideration of the entry of default and to set aside the entry of default, and the circuit court denied both motions.

Petitioners moved for entry of default judgment against Irene.  Although the circuit court had entered the default against Irene, and denied her motion to set aside the entry of default, it denied Petitioners' motion for entry of default judgment.  In the order denying Petitioners' motion to enter default judgment against Irene, the circuit court also sua sponte dismissed Petitioners' claims against Irene with prejudice.  Subsequently, the circuit court entered final judgment against Petitioners as to their claims against Irene.

The Intermediate Court of Appeals (ICA) affirmed the circuit court's decision denying entry of default judgment, based on the merits of Petitioners' negligence case.  Dela Cruz v. Quemado, 137 Hawaiʻi 36, 42, 364 P.3d 934, 940 (App. 2015).

In their application for writ of certiorari, Petitioners presented questions related to foreseeability and the standard of evidence used by the ICA.  We accepted certiorari and requested supplemental briefing on whether the circuit court: (1) abused its discretion in entering default against Irene, (2)

---

[2]     The Honorable Karen T. Nakasone presided.

3

abused its discretion in not setting aside the entry of default against Irene, and (3) erred in sua sponte dismissing Petitioners' claims and then entering judgment against Petitioners.

We hold that the circuit court abused its discretion in entering default against Irene and in failing to set aside the entry of default. We further hold that the circuit court erred in sua sponte dismissing Petitioners' claims with prejudice and entering final judgment against them. As set forth below, we therefore vacate and remand the case for further proceedings consistent with this opinion.

## II. Background

### A. Negligence Claim

On May 30, 2008, Petitioners filed a complaint in circuit court against Irene Quemado, Marvin Quemado, and Bryan Higa.[3] The following allegations are set forth in the complaint:

Petitioners Florencio and Anastacia Dela Cruz were the owners of Flor and Annie Jewelry. On June 1, 2006, the Dela Cruzes went to Irene Quemado's house at Irene's invitation, to

---

[3] In December 2009, the court entered defaults for both Marvin and Higa, as they both failed to answer the complaint or file any pleadings after being served. On January 22, 2014, Petitioners moved for entry of default judgment against Marvin and Higa. On February 12, 2014, the court granted Petitioners' motion and entered judgment against Marvin and Higa and required that they pay damages to Petitioners. The circuit court included its entry of judgment against Marvin and Higa in its June 6, 2014 final judgment.

4

exchange jewelry.  Irene invited her son Marvin to examine and try on some of the jewelry.  The complaint alleged that Marvin "had a criminal history of using and promoting illegal drugs, including felony convictions for possessing and promoting drugs, and was on parole/probation for his felony drug conviction[.]"

Marvin examined the jewelry and asked if he could try on a gold necklace.  Marvin took the necklace upstairs and was gone for about twenty minutes before Irene went upstairs to check on him.  According to the complaint, while he was upstairs, Marvin "conspired and devised a plan" with Higa to rob the Dela Cruzes of their jewelry.

The Dela Cruzes left Irene's house and arrived at their next appointment at a nearby restaurant, where Higa robbed Florencio at gunpoint.  Marvin and Higa were later arrested and indicted in federal court, where they pled guilty to multiple charges related to the robbery.

Petitioners contended that Irene was negligent in exposing Marvin to the jewelry because it unreasonably increased their risk of harm.  They asserted that Irene knew "or should have known" about Marvin's drug use, and that Marvin "had a gun and associated with violent criminals, such as [Bryan] Higa." Thus, they contended that Irene should be held liable because Marvin's actions were "foreseeable" given his prior history of

5

drug use and felony convictions for possession and promotion of drugs.

Irene filed a motion to dismiss the complaint for failure to state a claim. She argued that the complaint failed to allege that she engaged in any of the criminal actions of the other defendants. She asserted that she did not know of or engage in any misconduct, and that her son, Marvin, was over eighteen years of age at the time of the robbery.

The circuit court denied Irene's motion to dismiss in December 2009. Throughout 2010 and 2011, the parties corresponded regarding the applicability of Irene's insurance policy to the case. Petitioners moved for and were granted six continuances to file their pretrial statement. Petitioners filed a pretrial statement in December of 2011, and Irene filed her pretrial statement on January 18, 2012. Irene argued, inter alia, that she had no duty to Petitioners, that she did not breach any duty, that she did not cause Petitioners' injury, and that she was "not liable for the unforeseeable acts of third parties."

**B. Default**

**1. Entry of Default**

On February 17, 2012, Petitioners filed a request and notice for a trial setting status conference. The trial setting

status conference was scheduled for March 15, 2012.  A March 14, 2012, minute order provides that "off-by agreement, trial setting status conference continued to:  4/10/11,[4] 8:30 am.  Mr. Jones informed to file an amended notice."[5]  The record reflects that Johnaaron M. Jones, Irene's attorney, did not file the amended notice.  Jones did not attend the trial setting status conference on April 10, 2012.  The court set the dates for a settlement conference, a trial readiness conference, trial, and motion in limine deadlines.  The scheduled dates were included in the court minutes, and the court issued a trial setting status conference order setting forth the following dates:  the settlement conference on February 13, 2013, the trial readiness conference on March 13, 2013, and trial the week of April 8, 2013.

Irene and Jones failed to appear at the scheduled settlement conference on February 13, 2013.[6]  As a sanction for her failure to appear, the circuit court entered an order of entry of default against Irene, citing Rules of the Circuit

---

[4]     The minutes incorrectly state the year as 2011; it should be 2012.

[5]     There is no indication in the record that notice of the date to which the trial status conference was continued, April 10, 2012, was mailed to the parties.

[6]     The February 13, 2013, court minutes stated that the court mailed a copy of the trial setting status conference order to Mr. Jones.  The trial setting status conference order included as an attachment the "Settlement Conference Guidelines for Jury Trials."  The guidelines provided that failure to appear at the settlement conference could result in sanctions as provided in RCCH Rule 12.1(a)(6).  The guidelines specified, "If you are a defendant, failure to comply may result in entry of default against you."

Courts of the State of Hawai'i (RCCH) Rule 12.1(a)(6).[7] The

February 13, 2013 court minutes state:

> The court took judicial notice of the records and
> files and history of this case and noted the non-
> appearance of Mr. Jones on the Trial Setting Status
> Conference of 4/12/12 where a copy of the TSSC order
> was mailed to him.[8]
>
> . . .
>
> The court also noted the last appearance by Mr. Jones
> was the 1/18/12 filing of Defendant's pretrial
> statement.
>
> Court held colloquy with [Petitioners' counsel] re:
> contacts with Mr. Jones.
>
> The court further noted no withdrawal was filed by Mr.
> Jones.
>
> Court finds sanctions under 12.1(6) is appropriate and
> will hold defendant in default . . .
>
> The circuit court also based its order on its finding

---

[7]     RCCH Rule 12.1(a)(6) provides in pertinent part:

The failure of a party or his attorney to appear at a
scheduled settlement conference, the neglect of a
party or his attorney to discuss or attempt to
negotiate a settlement prior to the conference, or the
failure of a party to have a person authorized to
settle the case present at the conference shall,
unless a good cause for such failure or neglect is
shown, be deemed an undue interference with orderly
procedures.  As sanctions, the court may, in its
discretion:

(i) Dismiss the action on its own motion, or on the
motion of any party or hold a party in default, as the
case may be;
(ii) Order a party to pay the opposing party's
reasonable expenses and attorneys' fees;
(iii) Order a change in the calendar status of the action;
(iv) Impose any other sanction as may be appropriate.

[8]     The court provided an incorrect date: the trial setting status
conference was held on April 10, 2012, and not April 12, 2012.  The April 10,
2012 court minutes do not state that a copy of the trial setting status
conference order was mailed to Mr. Jones.

that Irene and her attorney had "failed to discuss or attempt to negotiate a settlement prior to the conference, failed to have a person authorized to settle the case present at the conference, and failed to deliver a confidential settlement letter to the Judge" prior to the conference. In its order of entry of default, filed March 6, 2013, the circuit court stated that it found no good cause for Jones's "series of failures and neglect." In addition to holding Irene in default, the circuit court ordered her to pay Petitioners' attorney's fees in the amount of $2,074.25.

2.    **Motion for Reconsideration of Entry of Default and Motion to Set Aside Default Judgment**

On March 15, 2013, Jones, on Irene's behalf, filed a motion to reconsider default judgment[9] and awarding of attorney's fees. He argued that he made "[t]he errors in this case," and that Irene "should be given an opportunity to litigate her claims and defenses on the merits." Jones attached a declaration in which he asserted that he did not receive notice of the settlement conference and did not intentionally attempt to delay trial. He declared that in January 2013, he closed his main office and went into semi-retirement. He declared that he

---

[9]    The motion should have sought reconsideration of the entry of default (not default judgment) because, although the court had entered default against Irene, as of March 15, 2013, it had not entered a default judgment.

9

notified the post office of his change of address and sent out notice of his new telephone number. He also declared that he was just recovering from a long illness.

The circuit court denied Irene's motion for reconsideration, stating, without further explanation, that it found "good cause" to deny the motion without a hearing.

Also on March 15, 2013, Irene filed a motion to set aside "default judgment"[10] and the award of attorney's fees, arguing that she could meet the requirements for setting aside a default entry specified in BDM, Inc. v. Sageco, Inc., 57 Haw. 73, 76, 549 P.2d 1147, 1150 (1976). First, because Petitioners had filed multiple motions to continue, it would be disingenuous for them to claim they would be prejudiced by reopening the case when so little time had passed since the entry of default. Second, Irene argued that she had a meritorious defense because she did not breach a duty of care to Petitioners and was not the cause of Petitioners' injuries. Third, Irene asserted that her attorney had not received notice of the settlement conference, and therefore the default was not caused by inexcusable neglect or a willful act on her part.

In their opposition to Irene's motion to set aside,

---

[10]    Again, the motion should have sought to set aside the entry of default, not default judgment.

10

Petitioners refuted Irene's arguments. First, Petitioners argued that they would be prejudiced by the reopening of the case because Petitioners had "suffered financially and emotionally while this case has been prolonged due to Mr. Jones' inexcusable neglect." Second, Petitioners contended that Irene failed to prove that she had a meritorious defense. Third, Petitioners argued that Irene failed to show that her default was not the result of inexcusable neglect, asserting that her failure to attend the settlement conference was part of "a series of inexcusable neglect, non-response, and neglect of attorney responsibilities[.]"[11]

The circuit court denied Irene's motion to set aside. The order also specified that the attorney's fees portion of the sanction was to be imposed on Jones.

## C. Motion for Entry of Default Judgment, Dismissal of Remaining Claims, and Final Judgment

In May 2013, Petitioners filed a motion for entry of default judgment against Irene pursuant to Hawaiʻi Rules of Civil Procedure (HRCP) Rule 55(b).[12] The court minutes from a

---

[11] As to the neglect, Petitioners listed in detail, and provided exhibits to support, a history of their communication with Jones.

[12] HRCP Rule 55(b)(2) provides, in relevant part:

> [T]he party entitled to a judgment by default shall apply to the court therefor. . . . If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by

(continued...)

11

September 2013 hearing on the motion state that the court "voiced it's [sic] concern re: liability" and was "inclined to deny Plaintiffs' motion but under [HRCP] Rule 55, the court set a proof hearing" for October 2013.  The proof hearing was held on October 18, 2013.  Although Irene and her attorney were present at the proof hearing, the circuit court prohibited them from participating in the hearing because Irene was in default.[13]  Petitioners testified about the events on the day of the robbery and their claim that Irene should be liable for the conduct of her son.

On December 2, 2013, the circuit court entered its "Findings of Fact [FoF], Conclusions of Law [CoL], and Order

---

[12] (...continued)
representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.  If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute.

[13] Specifically, the court stated:

I'm not going to permit you to make any argument or any statement but I'll permit you to state your position in like two sentences or less for the record just to -- because you are here for Irene Quemado, even though she's been in default, all right, and the court has declined your request to set aside the default but you may make just a brief position statement and that's it for this hearing.

Denying [Petitioners'] Motion for Entry of Default Judgment."
The circuit court found that only Marvin and Higa, and not Irene, were involved in the robbery. The court also found a lack of evidence to establish that Irene participated in the planning or commission of the robbery and a lack of evidence to impose liability on Irene for the criminal conduct of Marvin and Higa. Concluding that there were insufficient factual and legal bases for imposing liability on Irene, the circuit denied Petitioners' motion for entry of default judgment.

In the order, the circuit court also dismissed Petitioners' claims against Irene with prejudice. Subsequently, the circuit court entered final judgment against Petitioners.

**D.   ICA Proceedings**

Petitioners argued in the ICA that the circuit court erred in denying their motion for default judgment against Irene "because there were sufficient factual and legal bases" to impose liability on her for the criminal conduct of Marvin and Higa, that the trial court erred in concluding that it was not reasonably foreseeable that Marvin would commit a violent crime given his history of drug possession and promotion, and that the circuit court erred in concluding that Irene's "affirmative conduct did not create the circumstances that afforded the opportunity for [] Marvin and [] Bryan to commit the robbery."

The ICA subsequently published its opinion affirming the circuit court's orders and judgments.  <u>Dela Cruz</u>, 137 Hawai‘i at 42, 364 P.3d at 940.  The ICA held, "[b]ased on the circuit court's undisputed FOFs and viewing the evidence in the light most favorable to [Petitioners], Marvin's conduct was not foreseeable and Irene owed [them] no duty of care to refrain from exposing Marvin to Florencio and Anastacia's jewelry."  <u>Id</u>. at 41-42, 364 P.3d at 939-40.

## E.    Application for Writ of Certiorari

This court accepted Petitioners' application for writ of certiorari.  Petitioners argue that the ICA erred in holding that Marvin's conduct was not foreseeable, and that it erred by applying the wrong standard of evidence in reviewing the circuit court's denial of Petitioners' motion for entry of default judgment.

Subsequently, this court ordered the parties to submit supplemental briefing on three questions:

> 1.    Whether the circuit court abused its discretion in entering default against Respondent Irene Quemado pursuant to Hawai‘i Rules of the Circuit Courts Rule 12.1.
>
> 2.    Whether the circuit court abused its discretion in not setting aside the entry of default against Respondent Irene Quemado. <u>See, e.g.</u>, <u>BDM, Inc. v. Sageco, Inc.</u>, 57 Haw. 73, 549 P.2d 1147 (1976); <u>Rearden Family Trust v. Wisenbaker</u>, 101 Hawai‘i 237, 65 P.3d 1029 (2003).
>
> 3.    Whether the circuit court erred in <u>sua sponte</u> entering judgment against the movant in a

14

liability hearing held pursuant to Hawaiʻi
Rules of Civil Procedure Rule 55(b)(2).

Both parties then submitted supplemental briefs.

### III.  Standards of Review

**A.  RCCH Rule 12.1 Sanctions**

"[T]his court . . . reviews an award of [RCCH] Rule 12.1 sanctions under the abuse of discretion standard."  Canalez v. Bob's Appliance Serv. Center, Inc., 89 Hawaiʻi 292, 300, 972 P.2d 295, 303 (1999).  "A . . . court abuses its discretion whenever it exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party."  Shanghai Inv. Co., Inc. v. Alteka Co., Ltd., 92 Hawaiʻi 482, 491-92, 993 P.2d 516, 525-26 (2000) (internal quotation marks and citations omitted).

**B.  Motion to Set Aside**

"Because the denial of [a] motion to set aside [] default [] stems from the exercise of [the trial court's] discretion in imposing sanctions under RCCH Rule 12.1, we regard such a denial as subject to the same review standard of abuse of discretion."  Rearden Family Tr. v. Wisenbaker, 101 Hawaiʻi 237, 254, 65 P.3d 1029, 1046 (2003).

15

## IV. Discussion

### A. The Circuit Court Abused its Discretion in not Setting Aside the Entry of Default Against Irene.

#### 1. Jurisdiction

As an initial matter, we must address jurisdiction. Petitioners urge that because Irene did not timely file a cross-appeal, this court does not have jurisdiction to consider whether the circuit court abused its discretion in entering, and in not setting aside, the default. However, the requirement that an appellee cross-appeal applies only when the appellee seeks to "attack a judgment . . . with a view either to enlarging his own right or of lessening the rights of his adversary." Shoemaker v. Takai, 57 Haw. 599, 607, 561 P.2d 1286, 1291 (1977); Zane v. Liberty Mut. Fire Ins. Co., 115 Hawai'i 60, 73 n.14, 165 P.3d 961, 974 n.14 (2007) (rejecting the argument that the respondent who prevailed in trial court was required to cross-appeal an issue raised on appeal by the petitioner).

Irene was not required to cross-appeal because she was seeking only to defend the circuit court's judgment, and not seeking to modify it. See Shoemaker, 57 Haw. at 607, 561 P.2d at 1291. The proceedings in this case were unique in that the circuit court entered default against Irene and denied her motion to set aside, but then ultimately held in her favor. Irene prevailed on the merits, and thus had no reason to challenge the

16

circuit court's judgment.  See Zane, 115 Hawaiʻi at 73 n.14, 165 P.3d at 974 n.14.

### 2. Entry of Default Pursuant to RCCH Rule 12.1(a)(6)

In the circumstances of this case, we conclude that entry of default imposed as a RCCH Rule 12.1(a)(6) sanction for failure to attend the settlement conference was an abuse of discretion.  In reaching this conclusion, we note that the record does not contain any evidence that Irene herself was aware of the settlement conference but nevertheless failed to attend.  Thus, the imposition of the severe sanction of dismissal, without some opportunity for Irene to provide an explanation, was premature. Cf. Wisenbaker, 101 Hawaiʻi at 242, 65 P.3d at 1034 (when defendant failed to attend a settlement conference, trial court issued an order to show cause and provided the defendant an opportunity to explain why default should not be entered); see also RCCH Rule 12.1(a)(6).  This is particularly so where, as here, Irene had actually litigated the case for years.

### 3. Failure to Set Aside Default Entered Pursuant to RCCH Rule 12.1(a)(6)

We hold that the circuit court also abused its discretion in not setting aside the entry of default.  This holding is based on our precedent in Rearden Family Trust v. Wisenbaker.  In Wisenbaker, the trial court entered default

17

judgment against the defendant as a sanction pursuant to RCCH Rule 12.1(a)(6) after he failed to appear personally at a settlement conference. 101 Hawai'i at 243, 65 P.3d at 1035. The defendant had requested that the court continue the conference because he had to care for a family member, and had sent his attorney to appear on his behalf. Id. at 241-42, 65 P.3d at 1033-34. The court denied the defendant's request and issued an order to show cause (OSC), requiring the defendant to explain why default judgment should not be entered against him. Id. at 242, 65 P.3d at 1034. When defendant did not appear at the hearing, the court entered default against him. Id. at 243, 65 P.3d at 1035.

The defendant subsequently filed a motion to set aside, with an accompanying affidavit from his counsel stating that the defendant had not been properly served and that his counsel had misunderstood the hearing schedule and, accordingly, did not inform the defendant of the correct date of the hearing. Id. at 244, 65 P.3d at 1036. The court deferred ruling on the motion to set aside and ordered further settlement negotiations, which Wisenbaker participated in. Id. at 245-46, 65 P.3d at 1037-38, After the parties notified the court that they failed to reach a settlement, the court summarily denied the defendant's motion to set aside the default judgment. Id. at 246, 65 P.3d at 1038.

18

On appeal, we held that the court abused its discretion in denying the motion to set aside. Id. at 254, 65 P.3d at 1046. We noted that the defendant's failure to appear at the OSC hearing may have been an "inadvertent omission" on his part, as there was confusion as to the date of the OSC hearing. Id. at 253, 65 P.3d at 1045.

Moreover, we affirmed that "defaults and default judgments are not favored and that any doubt should be resolved in favor of the party seeking relief, so that, in the interests of justice, there can be a full trial on the merits." Id. We explained that the court had the ability to "levy lesser sanctions" for the defendant's failure to attend the settlement conference, which "[i]n our view, . . . would [have] better serve[d] the interest of justice," and cited with approval to cases imposing attorney's fees and monetary sanctions. Id. at 255, 65 P.3d at 1047.

We hold that the denial of the motion to set aside the entry of default against Irene was an abuse of discretion. Nothing in the record indicates that Irene's failure to appear at the settlement conference was intentional. In Wisenbaker, the defendant was unaware of the correct date of the OSC hearing, and this court vacated the judgment in favor of the plaintiff and instructed that the circuit court grant the motion to set aside

19

default, because the defendant's failure to attend was inadvertent.  Wisenbaker, 101 Hawai'i at 253, 255, 65 P.3d at 1045, 1047.  Here, similarly, Irene stated that her failures were due to her attorney not receiving notice of the settlement conference and therefore being unaware of it.  Irene's counsel, Jones, declared that they did not receive notice that the conference had been scheduled because he had closed his law office and gone into "semi-retirement."

Moreover, the circuit court had the discretion to impose lesser sanctions for Irene's failure to appear at the settlement conference.  Wisenbaker, 101 Hawai'i at 255, 65 P.3d at 1047.  Here, as part of its order entering default, the circuit court ordered Jones to pay Plaintiffs' attorney's fees for the settlement conference and for prior attempts to comply with settlement conference negotiations provisions.  We view the monetary sanctions imposed against Jones to be a "lesser sanction" which "better serve[s] the interest of justice."  See Wisenbaker, 101 Hawai'i at 255, 65 P.3d at 1047.  As in Wisenbaker, default in this case was too harsh a sanction, because it prevented Irene from litigating the merits of the claim, when the record indicated that her failure to attend the conference was not intentional.  Accordingly, we find that the trial court abused its discretion in failing to set aside the

default.

**B.    The Circuit Court Erred When it Dismissed Petitioners'
       Claims and Entered Judgment Against Them.**

In Hupp v. Accessory Distributors, Inc., the ICA
interpreted HRCP Rule 55(b)(2) to provide discretion for courts
to order proof of liability hearings before entering default
judgment.  1 Haw. App. 174, 179-180, 616 P.2d, 233, 236-37 (1980)
("trial courts must be given leeway in their discretion to
require proof of liability in the support of a default
judgment").  Hupp held that in such a hearing, the nondefaulting
party must adduce evidence which would be sufficient at trial to
overcome a motion for directed verdict.  Id. at 180, 616 P.2d at
237.

Here, the court followed the procedure set forth in
Hupp and conducted a proof hearing on liability.  The court
explained in its order denying Petitioners' motion for entry of
default judgment that it was assessing whether Petitioners met
their prima facie standard of proof under HRCP Rule 55(b)(2).
The court found that there was a lack of evidence to establish
that Irene participated in the crimes against Petitioners, and
that there was a lack of evidence to impose liability on Irene
for the criminal conduct of her son, Marvin, and his friend,
Higa.  Accordingly, the court denied the motion for entry of
default judgment.

21

The court erred, however, when it dismissed the claims against Irene with prejudice and subsequently entered final judgment against Petitioners.  When the court found that Petitioners failed to meet the prima facie standard of proof under HRCP Rule 55(b)(2), it should have denied Petitioners' motion for entry of default judgment, and allowed the case to proceed.

In re Villegas, 132 B.R. 742, 747 (B.A.P. 9th Cir. 1991), is squarely on point.  In Villegas, following a Federal Rule of Civil Procedure (FRCP) Rule 55(b)(2) liability hearing, the bankruptcy court refused to enter default judgment in favor of the nondefaulting party and entered judgment in favor of the defaulting party.  Id. at 746.  The Bankruptcy Appellate Panel of the Ninth Circuit held that the bankruptcy court did not abuse its discretion in conducting an evidentiary hearing pursuant to Rule 55(b)(2), and affirmed the refusal to enter default judgment in favor of the nondefaulting party.  Id.  However, as to entry of judgment in favor of the defaulting party, it held:

> While a trial court has great discretion in considering issues and evidence in a hearing pursuant to Rule 55(b)(2), we find no authority that would allow a trial court to enter judgment in favor of the defaulting party following such a hearing.  To enter such a judgment against the non-defaulting party because of the failure of that party to sustain its burden of proof would make the hearing under Rule 55(b)(2) the same as a trial on the merits.  In this regard, the appellants were, in essence, forced to trial without having the benefit of the procedural protection offered by the Federal Rules of Civil

22

> Procedure, including the opportunity to conduct discovery in accordance with these rules.

Id. at 746-47.

Thus, the Villegas court vacated the judgment entered in favor of the defaulting party and remanded the case to allow the nondefaulting party the opportunity to conduct discovery and present their case at trial. Id. at 747.

"[T]he stated purpose for the Villegas rule is to avoid forcing the non-defaulting party to trial without having the benefit of the procedural protections offered by the Federal Rules of Civil Procedure, including the opportunity to conduct discovery." In re Dugger, No. ADV. 08-90002, 2012 WL 2086562, at *12 (B.A.P. 9th Cir. June 8, 2012). The Dugger court noted that it was particularly unjust to enter judgment against the nondefaulting party when it had not had the opportunity to conduct discovery, because the defaulting party there had been sanctioned by the bankruptcy court for its repeated failures to cooperate with the nondefaulting party's discovery efforts. Id.

Here, the circuit court erred in dismissing Petitioners' claims and entering judgment against them. The circuit court's actions "made the hearing under Rule 55(b)(2) the same as a trial on the merits," but Petitioners were deprived of

23

procedural protections, including the opportunity to conduct full discovery.[14]  See Villegas, 132 B.R. at 746-47.

Instead of dismissing the claims against Irene, the circuit court should have denied entry of default and allowed the litigation to proceed, so that additional discovery and motions could be filed and, if appropriate, a trial conducted.  The circuit court erred when it dismissed Petitioners' claims and entered judgment in favor of Irene.  In future cases, when trial courts deny a motion for entry of default judgment, the appropriate subsequent course of action is to set aside the default, and allow the case to proceed on the merits.

Finally, we note that the circuit court should not have prohibited Irene from speaking at the proof hearing.  "'[E]ntry of default under RCCH Rule 12.1(a)(6)(i) for failure to follow settlement conference requirements . . . precludes a defaulted defendant from contesting liability in any proof hearing held as a result of the default, although the defaulted defendant may still contest the amount of its liability.'"  Wisenbaker, 101 Hawai'i at 243 n.13, 65 P.3d at 1035 n.13 (quoting Kam Fui Trust

---

[14]  In their opposition to the motion to set aside default judgment, Petitioners argued that they sought to depose Irene, but Jones did not respond, and they cited Jones's non-response as a factor contributing to their motion for enlargement of time to file pretrial statements.  Petitioners argued that they served Irene with a request of production of documents, to which Jones did not respond.  By entering judgment in Irene's favor, the court essentially forced Petitioners to trial without the benefit of conducting full discovery.  See Dugger, 2012 WL 2086562, at *12.

v. Brandhorst, 77 Hawaiʻi 320, 325, 884 P.2d 383, 388 (App. 1994))(emphasis added); Occidental Underwriters of Hawaiʻi, Ltd. v. American Sec. Bank, 5 Haw. App. 431, 433, 696 P.2d 852, 854 (App. 1985) ("[u]pon the entry of default, [defendant] had lost its standing to contest the fact of its liability . . . but still had standing to contest the amount of its liability.").[15] Trial courts must permit parties in default to contest damages at proof hearings. See Kamaunu v. Kaaea, 99 Hawaiʻi 432, 439, 56 P.3d 734, 741 (App. 2002) (ordering trial on sole issue of damages).

## V. Conclusion

For the foregoing reasons, we conclude that the circuit court erred in entering the default, and erred in refusing to set aside the entry of default. The court further erred in dismissing Petitioners' claims with prejudice and in entering judgment against them. We therefore vacate the ICA's February 1, 2016 judgment, vacate the circuit court's June 6, 2014 final judgment as to Irene,[16] vacate the circuit court's March 5, 2013 order entering default, and vacate the circuit court's May 17,

---

[15] Courts in other jurisdictions similarly hold that a defaulted party may contest the amount of damages at a liability hearing. See, e.g., Bys Inc. v. Smoudi, 228 Ariz. 573, 578, 269 P.3d 1197, 1202 (Ariz. App. 2012) (holding that a defaulted party may still appear in the action to contest damages); Burge v. Mid-Continent Cas. Co., 123 N.M. 1, 8, 933 P.2d 210, 217 (N.M. 1996)(holding that a defaulting party only admits to liability, and is entitled to a hearing on the determination of damages).

[16] We do not disturb the portions of the June 6, 2014 judgment entering judgment against Marvin and Higa.

2013 order denying Irene's motion to set aside default judgment, and remand the case for further proceedings consistent with this opinion.

Joseph P.H. Ahuna, Jr., and David K. Ahuna
for petitioners

Johnaaron Murphy Jones for respondent Irene B. Quemado

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

